Avert, J.
The action in the Common Pleas was Case, for a malicious prosecution, with counts in the declaration for slanderous words spoken.
*591 The prosecution complained of, and which was before a Jus- iN Bank. tice of the Peace, was for the crime of Perjury, and the words De j8fge,m alleged to have been spoken, charged the same crime upon the plaintiff.
The plea was the general issue, with a notice of justification.
The verdict and judgment were against the plaintiff.
Upon the trial the plaintiff sought to give in evidence a transcript from the docket of Philip Hubbert, a Justice of the Peace, of the proceedings before him, in the prosecution for Perjury, but the evidence was rejected. To this the plaintiff’s counsel excepted. He also excepted to the charge made by the Court, and to the refusal of the Court to charge as requested by him. But the decision in this case is not founded upon either of the above mentioned errors, but upon two other causes of error, appearing in the bill of exceptions. I shall notice these only.
And first. The plaintiff for the purpose of proving malice, offered a witness to testify that on a specified day, and more than a year before the commencement of this suit, the defendant had charged the plaintiff with stealing divers articles from him. But the Court decided that such evidence was not proper, and refused to permit the witness to testify on that subject.
In this we think there was error. There is perhaps no case in which it would be proper in an action of slander, to exclude all testimony offered for the single purpose of proving malice. In the case before the Court there existed much stronger reason than in most other cases, for proving express malice. The witnesses who had testified on the part of the plaintiff, to the words charged as slanderous, were the Justice of the Peace who tried the cause, and a man by the name of McNeal, not a lawyer, but one who had at times been called upon to assist parties litigant before a Justice of the Peace. The words were spoken about the time of instituting the prosecution, and when the defendant was seeking advice and directions how to proceed for that purpose. In such a case it was important, if not indispensible, to show that malice, and not the desire to bring an offender to justice, formed the motive for proceeding in the *592 prosecution. To prove the existence of this necessary ingredi- ’ ent in slander, both the acts and declarations of the defendant ■ may be given in evidence. Words not actionable have, I believe, been universally held to be admissible for that purpose. But words actionable in themselves, which were not included in the declaration, were once regarded as inadmissible. So a distinction was sometimes taken between words of that character, spoken before the suit for slander was brought, and those spoken afterwards. But for some time past, the distinction in this respect, between words actionable and those not actionable, seems to have been very generally overruled, as well as that between words spoken before and after suit commenced. Starkie’s Evidence, vol. 2, 869, and the cases there referred to. The introduction of the actionable words, it is true, would not bar a suit subsequently brought to recover damages for the speaking of the same words. When they are so introduced, however, it is not for the purpose of enhancing the damages; they are of course not admissible with that view, but only to show the intent, with which the slanderous words stated in the declaration, were uttered by the defendant. For this purpose they have been heretofore admitted by this Court.
The second error was the rejection of another witness offered by the plaintiff. By the bill of exceptions it appears that to show the plaintiff’s bad character, the defendant had proved reports against her, and amongst them one raised and sworn to by George W. Boyce. To support her good character and prove the falsehood of said reports, the plaintiff offered divers witnesses, and amongst others one William Boyce, to prove that the report raised and sworn to by said George W. Boyce, he had admitted not tojre true; the Court then asked the plaintiff’s counsel whether they called said William to impeach said George, to which they replied that they did not, and disclaimed all intention of impeaching him, but to prove the statement made by him was false. The Court then ruled that the testimony was incompetent for that purpose, and could only be given to impeach said George. The plaintiff’s counsel then *593 offered the same testimony to impeach the said George, and the Court ruled that plaintiff’s, counsel had made their election and disclaimed all intention to impeach Boyce, and for reason excluded his testimony. Afterwards when the plaintiff’s counsel were recalling their rebutting testimony they recalled the said William Boyce, and stated that they did so for the purpose of impeaching said George W. Boyce. But the Court rejected the testimony. This does not strike us as a case where the doctrine of election applies ; or as a case where the counsel should be prevented from having the benefit of testimony, because of a mistake or misapprehension as to the true principle upon which they were entitled to it, when after-wards they place their claim upon the correct ground.
That the testimony was admissible, cannot be denied; that it was proper in one of the aspects as claimed by the counsel, seemed to be conceded by the Court. For one of the purposes then, for which it was offered, it ought to have been allowed. In rejecting it there was error, and for the two errors herein pointed out, the judgment is reversed.