Filed June 16, 1885.

---

No. 12,178.

KIEFER v. TROY SCHOOL TOWNSHIP OF PERRY COUNTY.

TOWNSHIP TRUSTEE.—*Schools.— Cash Advanced to Teachers.*—A township trustee, who in good faith employs necessary and proper teachers, and when it is unexpectedly found that the public funds provided are insufficient to pay them in full, advances the deficit out of his own money, has a demand against the school township which he may recover.

From the Perry Circuit Court.

*H. J. May* and *S. Joseph,* for appellant.

*W. Henning,* for appellee.

MITCHELL, C. J.—From the complaint in this case it appears that Lawrence Kiefer was the trustee of Troy School Township, in Perry county, in the year 1883; that he had made estimates of the funds likely to come into his hands for tuition purposes, and relying on such estimates he employed competent and licensed teachers for the several school districts in his township, and entered into written contracts with them at the usual stipulated wages, and that the number employed was necessary to supply the requirements of the school children of the township; that the several teachers employed carried out their contracts in good faith, and taught the township schools in all respects according to their agreements; that at the end of the term for which they were employed, the tuition fund—less having been received through some miscalculation than was expected—having been exhausted in making proper disbursements therefrom, and there remaining due the

several teachers the sum of $708.96, the appellant advanced and paid the same out of his own funds, and that this sum was received by them for their services; that he made report of his doings in that regard to the board of commissioners, who approved the same, and at the direction of the board the county auditor gave him a certificate of the amount found due him from the township, from which action of the board no appeal has been taken; that he has demanded payment for the money thus advanced and allowed from his successor, who refuses to pay; that it was the intention of the several teachers and the trustee at the time he paid them not to extinguish their claims against the township, but to transfer to him their rights against it.

To this complaint a demurrer was sustained, and the sole question is, did it state a cause of action upon which the plaintiff was entitled to recover?

Of a case in some respects involving the same principles, an eminent judge said: "This is an attempt to impale an honest debt on the sharp points of the law, which ought not to succeed." *Heidelberg School Dist.* v. *Horst*, 62 Pa. St. 301.

Two grounds are urged as obstacles in the way of the appellant's right to receive payment of the money advanced by him for the benefit of the township. It is said: 1. That because he was trustee of the township, the payment of its debts was a voluntary payment, and a stranger can not, by voluntarily paying the debt of another, maintain against the other assumpsit for such payments. 2. That if the payment was not voluntary, the trustee could create no obligation against the township by dealing with himself.

The propositions above stated enunciate sound and salutary principles of law, which are of binding obligation in all cases in which they apply, but they have no application to the case before us.

It is conceded by the demurrer to the complaint, that the teachers were hired in good faith, under the belief that the

tuition funds provided would be sufficient for their payment; that the township had the benefit of their services, and became liable for their wages, and having no funds to discharge its just obligations, the appellant advanced the money out of his own pocket and paid a debt, the benefit of which the school corporation received.

Under the ruling of this court in *Harmony School Tp.* v. *Moore*, 80 Ind. 276, the township was liable for the services of its school teachers whether it had the funds to pay or not. It was there held that it was no excuse for the dismissal of a teacher, before the expiration of the term for which he was employed, that the fund out of which he was to be paid was exhausted. This ruling was followed in *Harrison School Tp.* v. *McGregor*, 96 Ind. 185, where it was again held that the liability of a township to pay its teachers did not depend upon whether it had funds for their payment or not.

Quoting from an approved authority, this court said, in *Bicknell* v. *Widner School Township*, 73 Ind. 501: "Persons who have in any way advanced money to a corporation, which money has been devoted to the necessaries of the corporation, are considered in chancery as creditors of the corporation to the extent to which the loan has been so expended." When a necessity exists for so doing, and the trustee in good faith advances money to liquidate a just debt owing by the township, for which it is unquestionably bound, and in the creation of which it was benefited, no reason is perceived why he should not be reimbursed as well as a stranger from whom he might have borrowed the money. *Bristol M. & M. Co.* v. *Probasco*, 64 Ind. 406.

It can no more be said in such case that the officer has contracted with himself, than in the case of an agent whose duty it is to attend to the interests of his principal, who, in an emergency, advances money for the principal's benefit. He has not contracted with himself. He has done nothing except, in the interest of the school township whose servant and agent he was, and whose advantage it was his duty to sub-

serve, to advance his money for the liquidation of its debts on contracts which had been made and executed. An equitable obligation is thus raised against the school corporation to repay him the moneys advanced.

In the case of *Porter* v. *Dunlap*, 17 Ohio St. 591, one Clark, engaged in teaching school, was advanced on his wages by Porter, the treasurer of the school corporation, under an agreement that he should retain out of his wages, when earned, the amount advanced. It was held that this was a valid assignment in equity, and that a subsequent assignee of Clark could recover nothing until Porter was reimbursed. The principle of this case fully sustains the right of the appellant to recover, but whether he became the equitable assignee of the claims of the school teachers or not, he was entitled to recover for money paid to the use of the corporation.

That a public officer may not contract with himself is not to be doubted, but, like any other agent or trustee, he may, within the scope of his agency, when a necessity arises, advance money to save his principal or *cestui que trust* from inevitable loss or damage, or to pay just liabilities growing out of his agency, and for such advances, upon the same principle that any other agent may be reimbursed, he may be. Story Agency, section 335. Of course a public officer, as such, can not borrow money from himself, nor can he be reimbursed for money paid on contracts which he had no authority to make, nor to pay debts for which the corporation received no benefit, nor for advances made without a necessity therefor; but this record presents no case of the character supposed.

The judgment is reversed with costs, with instructions to the court to overrule the demurrer to the complaint, and to proceed in accordance with this opinion.

Filed June 12, 1885.