Clark Civil Township v. Brookshire.

Filed May 8, 1888.

---

No. 12,322.

## Clark Civil Township v. Brookshire.

Highways.—" *Good Ordinary Repair.*"—*Meaning of Phrase.*—In putting highways in " good ordinary repair," within the meaning of that phrase as used in the act of 1881 relating to roads and creating the office of road superintendent (R. S. 1881, section 5064 *et seq.*), the superintendent might, if necessary, construct culverts and grades and do gravelling and ditching, the necessity depending upon the character of each particular road.

Same.—*Time When Repairs Shall be Made.*—*Directory Statute.*—The provision of the statute (section 5071, R. S. 1881), that all work denominated

"ordinary" shall be done in the months of April, May, June and July, is directory, and not a limitation upon the power of the superintendent to make improvements upon highways.

SAME.—*Road Superintendent.—Advancement of Private Funds to Pay for Improvements.—Recovery from Township.*—A township road superintendent, who advanced money from his private funds to pay for improvements made upon public highways, may recover from the township the amount advanced by him, necessary to put the highways in good ordinary repair, as the transaction is not one which the law inhibits.

SAME.—*Exceeding " Good Ordinary Repair."*—If the superintendent advanced no more money than was necessary to put a highway in "good ordinary repair," the fact that it was put in superior repair by the use of money contributed by citizens does not prevent him from recovering for the money advanced.

SAME.—*Evidence.—Opinion.*—Witnesses who have had experience in improving and maintaining highways, and who are acquainted with a particular highway, its condition and the character of the land over which it runs, may give an opinion as to what is necessary to put it in good ordinary repair.

PRACTICE.—*Objection to Evidence.—Must be Specific.*—An objection to evidence that it is "irrelevant, incompetent and immaterial" is too indefinite to present any question for review in the Supreme Court.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter,* for appellant.

*G. W. Paul, J. E. Humphries, J. F. Harney, J. E. McDonald, J. M. Butler, A. L. Mason, W. W. Thornton* and *E. V. Brookshire,* for appellee.

ZOLLARS, J.—Appellee instituted this action to recover the value of services rendered and the amount of money expended by him, as road superintendent, upon the highways in Clark township.

He was elected superintendent of roads at the April election in 1882, under the act of 1881 (R. S. 1881, section 5064, *et seq.*), and was legislated out of office by the act of 1883. Acts of 1883, p. 62 (p. 73, sec. 35).

Soon after his election he received from the county treasurer $219, road funds, as such superintendent.

In addition to the above facts, it is alleged in the first paragraph of the complaint, in substance, that before the bring-

ing of this action appellee settled with the board of commissioners for said amount expended upon the highways of the township, and was allowed by the board for sixty-seven days' services as such superintendent, at two dollars per day ; that, in the month of June, 1882, a commutation tax and road tax were levied as provided by section 5066, R. S. 1881, which, when collected, would, and did, produce a road fund of $2,000, which has since been collected and paid over by the county treasurer to the trustee of the township. The complaint further proceeds as follows :

"And plaintiff says that after he had expended the money which he drew from the county treasurer as highway fund, and after the tax above was levied, and anticipating that the same would be, when collected, paid into his hands for highway purposes, he made, and caused to be made, needed and valuable improvements on the highways of his said township in the way of ditching, grading, gravelling and putting in culverts, and repairing the said highways, for which proper vouchers were made for labor, teams and material necessary for constructing and repairing said highways, and that said vouchers, in the nature of orders upon the superintendent of highways, and endorsed by the payees thereof, were accepted by the superintendent and paid for at their face value by the plaintiff, then superintendent, out of his own private funds, to the amount of $1,665.12, which, being added to the sum above allowed for personal services, made the sum of $1,-809.12, which is now due to plaintiff and wholly unpaid."

A demurrer to this paragraph of the complaint was overruled below. That ruling is assigned as one of the errors for which appellant asks a reversal of the judgment.

It is claimed that, in order to show a liability on the part of the township in favor of appellee, three things must be made to appear :

1st. That he first used all moneys in his hands for road purposes, in putting the roads in the township in good ordinary repair.

2d. That the work and material, for which he advanced money, were all employed and used in putting the roads in the township in good ordinary repair, and were not used for any other purpose.

3d. That the work was done in the months of April, May, June and July.

This contention is based upon the construction which counsel place upon the sixth and eighth sections of the act of 1881 (R. S. 1881, sections 5069, 5071) creating the office of road superintendent, and defining the duties of the officer. So far as material here, those sections are as follows :

Section 5069. " The township superintendent shall, in the months of April, May, and June of each year, first put all the highways of his township in good ordinary repair, and, then, with such other means as may be in his hands, proceed to do work denominated ' extraordinary ' upon some portions of the highways of his township which are mostly travelled, and, by judicious ditching, draining, and making embankments, and grading, and building culverts and bridges, and such other reasonable means as shall seem to him prudent and best, to construct a road with a smooth surface, of not less than eighteen feet in width, and when the material is within his reach, may cover nine feet in width of such roads with gravel or any material that will make a hard surface, and shall expend all available means in his hands applicable to such purpose by the 15th day of November of each year."

Section 5071. "All work denominated ' ordinary,' and also all ditching, drains, grades, and embankments of extraordinary character shall be done in the months of April, May, June, and July ; and all other work shall be done between the 1st of April and the 15th of November of each year, except the building of bridges, which may be done at any season of the year ; provided that the superintendent may, at any time, execute all orders of the board of county commissioners in reference to roads."

The amount received from the county treasurer is, we think, sufficiently accounted for. It is alleged, although not as directly as it might have been, that appellee, as such road superintendent, expended the amount upon the highways, and accounted for the same in a settlement with the county board. He was authorized by the act to make such a settlement. Section 5078.

The second objection above, as elaborated in argument, is, that the complaint does not show that the money advanced by appellee was expended in putting the highways of the township in "good ordinary repair;" and that, on the other hand, it shows that the amount so advanced was used in work denominated "extraordinary," in that it shows that ditching, grading and gravelling were done, and culverts constructed. And further, that as the work done is thus shown to have been of a sort denominated "extraordinary," the superintendent had no right to expend money in anticipation of the taxes levied. In support of this last proposition, counsel cite the opinion of the court in the case of *State, ex rel.*, v. *Snodgrass*, 98 Ind. 546.

Without questioning the correctness of the decision in that case, we think that the construction put upon the complaint is not so clearly correct as to require a reversal of the judgment upon the ground contended for. Construing the several statements in the paragraph together, they amount to averments that the money was expended in repairing and improving the highways, by ditching, grading, gravelling, and constructing culverts, and that such repairs and improvements were necessary and valuable. The averments are not, in specific terms, that the repairs and improvements were for the purpose of putting the highways in "good ordinary repair," but if they were necessary, as averred, and as the demurrer admits, it was the duty of the superintendent to make them. And it can not be said, as a matter of law, that, in doing what was necessary, the superintendent exceeded his authority.

In doing the work denominated "extraordinary," ditching, grading, gravelling, and the construction of culverts seem to be contemplated, but it does not follow, because such work may be done in the improvement of a highway, that such improvement is "extraordinary." In putting a highway in "good ordinary repair," it may be necessary to do grading, it may be necessary to use gravel, and it may be necessary, also, to construct culverts. The ground may be so low and covered with water as to render more or less grading necessary in order to put the highway in "good ordinary repair." The soil may be of such a character as to render more or less gravel necessary to put the highway in "good ordinary repair;" and so, in order to put a highway in "good ordinary repair," it may be necessary to construct culverts to prevent the accumulation of water and the overflow of the highway. Such culverts may be necessary to replace others worn out or broken down or washed away, or they may be necessary where they have not been previously constructed.

The difference between the work upon highways, which is somewhat vaguely spoken of in the statute as ordinary and extraordinary, is more in degree than in character. In section 30 of the act (R. S. 1881, section 5083), it was provided that the officer might go upon adjoining land and remove therefrom gravel, stone and timber for the repair or preservation of highways, thus recognizing, as we think, the right to use such material in putting and keeping highways in "good ordinary repair." And so, in section 5071, there is mention of ditches, drains, grades and embankments of an "extraordinary" character, thus showing that there may be drains, etc., which are not of an extraordinary character; in other words, that work upon a highway is not of an extraordinary character simply because, in doing it, drains, etc., may be constructed.

The objection that might be urged to the complaint is, that it is not as certain and specific as it might be. But uncer-

tainty is not a ground of demurrer. *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225.

The third ground of objection urged to the paragraph under consideration, as we have seen, is that it is not averred that the work was done in the months of April, May, June and July.

The statute provides that all work denominated ordinary, etc., shall be done in those months. We think that the time thus designated is directory, and not a limitation upon the power of the superintendent to make the improvements upon the highways. Suppose that culverts should become closed, washed out or broken down, or that a portion of a highway should be swept away by a swollen stream, it could hardly be said that the superintendent might not make the necessary repairs in any other month than April, May, June or July. Statutes fixing the time when an act may be done are often construed as directory. *Sackett* v. *State, ex rel.*, 74 Ind. 486, and cases there cited; *State, ex rel.*, v. *Cressinger*, 88 Ind. 499 (501); *Irwin* v. *Lowe*, 89 Ind. 540 (546); *Hopper* v. *Lucas*, 86 Ind. 43 (50), and cases there cited; *Board, etc.*, v. *State, ex rel.*, 86 Ind. 8.

Objections are also made to the second and seventh paragraphs of the complaint, on the grounds that they do not show that the work was done in the months of April, May, June and July, and that they show, that, in advancing the money to pay for the work upon the highways, appellee, being a trustee, was dealing with himself.

We do not think that this case falls within the rule suggested by counsel. Here, appellee simply advanced the money to pay for the repairs made upon the highway. That is the fact, as alleged in each of the paragraphs, although the language in each is not the same. Such an advancement of money by him was not such a dealing with the township as the law inhibits.

From the advancement so made, no benefit, advantage or profit resulted, or, so far as shown, could result, to appellee.

That advancement did not, and, so far as shown, could not, create any conflict of interest between him and the township. That appellee may recover the amount advanced by him in the repair and improvement of the highway was, in effect, decided when the case was in this court upon the former appeal. *State, ex rel.,* v. *Snodgrass, supra.*

In the second and seventh paragraphs of the complaint, it is alleged in specific terms that the money was advanced in putting the highway in " good ordinary repair." The township has received the benefit of the repairs made with the money advanced by appellee and by his services, and unless there are reasons other than those urged against the complaint, fair dealing seems to require that it should not escape payment to the loss of appellee. See *Kiefer* v. *Troy School Tp.,* 102 Ind. 279.

Some of appellee's witnesses were allowed to testify as to the character of culverts, fills and the amount of gravelling necessary to render a certain highway, improved by appellee, passable and in good ordinary repair. Some of the questions to the witnesses, and the testimony in response thereto, were objected to, as incompetent, irrelevant and immaterial. Such objections, it has often been held, are too indefinite to save any question for review in this court. See *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551, and cases there cited; *McKinsey* v. *McKee,* 109 Ind. 209, and cases there cited.

In some instances the objection was made that the questions called for the opinions of the witnesses, and that their testimony consisted of opinions. After some hesitation, we have concluded that the testimony was competent. The witnesses were acquainted with the highway, its condition before it was improved, the lay of the land over which it passes, the character of the soil, the amount of water necessary to be drained away from the highway, and had had experience in improving and maintaining highways.

There were some facts within the knowledge of the witnesses which they could not well convey to the jury except

by stating their conclusions from the facts thus within their knowledge.   For example, they could not well lay before the jury such facts as would enable them to form a correct conclusion as to the size of the culverts necessary to convey away the water.   See *Bennett* v. *Meehan*, 83 Ind. 566, 569 (43 Am. R. 78), and cases there cited ; *Alexander* v. *Town of Mt. Sterling*, 71 Ill. 366 ; *I. & G. N. R. R. Co.* v. *Klaus*, 64 Tex. 293 ; *Louisville, etc., R. W. Co.* v. *Donnegan*, 111 Ind. 179, and cases there cited.

It was developed by the testimony that some of the citizens and land-owners contributed to the repair and improvement of the highway upon which appellee spent the most of the money.

The court instructed the jury that if appellee, as the road superintendent, contributed no more than would have been necessary to put a certain highway in " good ordinary repair," he would be entitled to recover that amount, although, with the assistance and contributions of the land-owners, the improvement of the highway was carried beyond what was necessary to put it in " good ordinary repair."

That instruction, we think, was correct.   The highway was badly out of repair.   Appellant had the right to spend enough upon it to put it in good ordinary repair.   The township clearly ought not to complain if some of the citizens joined with the road superintendent and added enough to make the road better than it could have been made by the amount which the superintendent was authorized to expend.

It is claimed that the evidence shows that appellee expended upon a certain highway more than was necessary to put it in good ordinary repair, and that, therefore, he should not recover the amount advanced by him, nor for his services. There is a conflict in the evidence, but if it should be conceded that more was spent upon that highway than was necessary to put it in good ordinary repair, it would not follow that he should lose the whole of his labor, and the whole of the money advanced by him, no bad faith being charged

Clark Civil Township *v.* Brookshire.

or shown.    What he honestly expended, and to the amount necessary to put the road in good ordinary repair, it would seem he ought to recover, although he went beyond that and spent too much.    But there is no question properly made as to the amount of the recovery.

It is assigned as a cause for a new trial that the damages are excessive.    This is not an action for tort, and hence that assignment raises no question as to the amount of the recovery.    *Thomas* v. *Merry*, 113 Ind. 83.

There is no available error in the refusal of the court below to give to the jury some of the instructions asked by appellant, for the reason, if for no other, that the substance of them is included in other instructions given by the court. Nor did the court err in instructing the jury, as it in substance did, that the putting of a highway in good ordinary repair may include grading, ditching, the building of culverts, and "perhaps gravelling," the necessity for all depending upon the nature and character of each particular road to be improved.

It is insisted that the court below erred in its instructions to the jury in relation to interrogatories submitted by appellant.    We have examined carefully the interrogatories, and the instructions of the court in relation thereto, and, while the instructions are somewhat out of the usual order, we are fully satisfied that no such error is involved as would justify this court in reversing the judgment.

Judgment affirmed, with costs.

Filed March 20, 1888; petition for a rehearing overruled May 30, 1888.