Filed Nov. 7, 1889.

No. 12,689.

## MURPHY v. OREN.

TOWNSHIP TRUSTEE.—*Liability of Outgoing Trustee.*—*County Commissioners.*—*Settlement with.*--Where a township trustee seeks to recover from his predecessor in office a sum of money which he claims the outgoing trustee failed to pay over on demand, he can not do so after making a written report to the board of commissioners wherein he claimed credit for the same money as that for which he sues, and the claim was allowed and credit given him, until the order of the board of commissioners approving the report is set aside.

SAME.--*Money Advanced by.* — *Credit for.* — *Nominal Damages.* — Where a township trustee pays out money for the township, on claims justly due from the township, he is entitled to a credit for it. If he pays money after the specific fund out of which the money should have been paid has been exhausted, he is entitled to be reimbursed, and can not be held liable for anything more than mere nominal damages. It makes no difference if the books show that the trustee is indebted to some of the funds, if in point of fact he is, upon a settlement of all accounts, a good faith creditor of the township.

From the Wabash Circuit Court.

*M. H. Kidd, N. G. Hunter, B. F. Williams* and *A. Taylor*, for appellant.

*W. G. Sayre*, for appellee.

ELLIOTT, C. J.—Murphy prosecutes this action against Oren, his predecessor in the office of township trustee, for the recovery of six hundred and thirty dollars which he alleges the outgoing trustee failed to pay over on demand.

The second paragraph of Oren's answer alleges that Murphy made a written report to the board of commissioners wherein he claimed credit for the same money as that for which he sues; that the report was examined and approved, the claim allowed and credit given him; that the judgment of the board of commissioners remains in full force.

The answer does not, as the argument of appellant's counsel tacitly assumes, proceed upon the theory that the judgment of the commissioners constitutes a former adjudication. The report upon which the board acted was not that of the appellee but that of the appellant.

It appears from this answer that the appellant has received credit for the. sums of money he now seeks to recover, and the question is, whether, having been allowed credit in due form and by the proper authorities, he can maintain an action without having the order allowing him credit set aside, or showing why the settlement it evidences should be disregarded. *Prima facie*, at least, the settlement with the board of commissioners is valid, and while it remains in force it must be held that the outgoing trustee duly accounted to his successor, and that he likewise duly accounted to the proper authorities. We do not hold that the order of the board of commissioners approving the report is conclusive, but we do hold that it operates as long as it is in force and is not affirmatively shown to be the result of a mistake or fraud to preclude the appellant from maintaining this action. We have no doubt that if Oren did actually owe the township the money, and the appellant did improperly settle with him,

the order of the board allowing the credit to the appellant may be annulled or disregarded.

To this answer the appellant replied substantially as follows: That he and Oren did have a settlement; that he did report to the board of commissioners as alleged in the answer; that the items included in the report, and for which he receipted, were sums of money paid out by Oren, one of which sums was for $448.98 overpaid on the "road fund," the other of which was for $154.98 overpaid on the "dog tax fund;" that his term of office expired on the 11th day of April, 1882; that during the appellee's term of office he misappropriated the sum of $630; that at the time the appellant settled with him he, the appellee, was indebted to certain of the township funds for that sum; that the appellant, at the request of the appellee, accounted to the township for that sum; that Aaron F. Gudley was the appellant's successor in office; that on the 10th day of April, 1882, the appellant made a written report to the board of commissioners which was approved; that his successor, Gudley, sued him and his sureties on his official bond; that in the answers to the complaint the appellant and his sureties claimed credit for the amount for which he had credited Oren, $448.98 overpaid on the "road fund," and $154.98 overpaid on the "dog fund;" that the circuit court, in which the action was brought, rendered judgment against the appellant and his sureties, and that the judgment charged them with $428.91 due the "dog fund," and $244.46 due the "road tax fund."

We have no doubt that the appellant might avoid the settlement made by him with the board of commissioners, nor do we doubt that if it appeared that Oren was indebted to the township the appellant might, notwithstanding such settlement and notwithstanding the fact that he had allowed Oren a credit, recover the full amount justly due from Oren. But while we are clear upon this point we are equally clear

that if Oren was not indebted to the township this action can not be maintained, and the reply is bad.

The judgment of the circuit court could not bind Oren, as he was not a party. We may, therefore, eliminate that element from the case. But if we considered it as a legitimate element of the case it would not avail the appellant, because it does not appear that he was denied credit for the amount with which he had credited Oren. It may well be that the sums named in the reply were charged against the appellant because of his own default and not because the appellee was not entitled to the credit which he claimed and obtained. It is the rule in ordinary cases that settlements are presumptively correct, and here there was a double settlement, one between the two trustees, and one by the appellant with the board of commissioners. It was therefore, incumbent upon the appellant to show that the settlement had in it some element of fraud, wrong or mistake, and this he could only do by showing that Oren ought not to have had credit for the amount allowed him. If he was entitled to that credit he is in no sense a defaulter.

The utmost that can be said is that Oren did not do his duty in keeping the trust funds separate. For this wrong he was liable in nominal damages. *Robinson* v. *State, ex rel.*, 60 Ind. 26. But in the case which decides this, it was said: "This conversion may prove to be an absolute defalcation, or only a technical breach of the trustee's bond, dependent upon the subsequent conduct of the trustee in relation to the reimbursement of the fund thus diverted."

Applying this statement to this case, we must conclude that the only wrong of Oren was the technical one of failing to keep the funds separate, and produced no more than nominal damages, if, indeed, it did so much as that.

We think this case falls within the well reasoned decision in *Kiefer* v. *Troy School Township*, 102 Ind. 279, and that if Oren did pay out money for improving roads, or for injury done to sheep by dogs, on claims justly due from the town-

Murphy v. Oren.

ship he was entitled to a credit for it. As he was allowed credit in two settlements, and as these settlements are presumptively valid, and as he is entitled to be reimbursed for money advanced, we can not conceive any reason for holding him a debtor and a defaulter. To warrant that conclusion it must appear that the money was not paid for the purposes claimed by Oren. If he did not pay it for the township he ought to be held liable ; if he did, then he ought, at all events, to be exonerated from anything more than mere nominal damages.

It can make no difference in principle that the books showed Oren indebted to some of the funds if, in point of fact, he was, upon a settlement of all accounts, a good faith creditor of the township. If he did err in paying money after funds were exhausted, still he is not to be the loser, for upon the equitable principle so clearly vindicated in *Kiefer* v. *Troy School Township, supra,* he is entitled to be reimbursed. If the claims which he paid were enforceable against the township, then he has paid the debts of the township, and it has suffered no loss. By advancing the money to pay those claims he became subrogated to the rights of the original claimants. It is immaterial, so far as concerns the ultimate justice of the case, to whom the township pays its just debts, whether to the original creditor or to the trustee who advances the money. *Clark Civil Township* v. *Brookshire,* 114 Ind. 437 (444). Idle ceremony the law heeds not. It would have been an idle ceremony for Oren to have handed the money due from him to specific funds over to the appellant, and then have received it back in payment of the claims to which he was subrogated. If the township had actually lost any money he would unquestionably be liable, but this it did not do. If the circuit court, in the action on Murphy's bond, charged him with the allowance made Oren it erred, but its error could not impair the latter's right, because he was not a party to the action. As we have said, it

does not appear that the circuit court did this, but if this did appear it would not change the result as against Oren.

Judgment affirmed.

Filed Nov. 8, 1889.