Filed April 1, 1891.

---

No. 49.

## ANDERSON *v.* PRAIRIE SCHOOL TOWNSHIP ET AL.

SCHOOL LANDS.—*Lease of Congressional Township Lands.—Power of Trustee.*— A township trustee has no power to lease the lands belonging to a congressional township, unless the voters of such township direct their leasing; and a tenant taking a lease without such directions having been given does so at his peril.

SAME.—*Pay for Building Erected.*—An agreement to pay for a building erected upon lands leased by the trustee, without such vote being first taken, is void; and the township is not liable to pay for it, although the rents and profits received by the lessee did not equal the cost of the building.

SAME.—*Authority to Incur Debts.*—No authority is given township trustees to incur debts in improving school lands.

TOWNSHIP TRUSTEE.—*Contract.—Condition Precedent.*—Wherever the authority of a trustee to bind his corporation by contract depends upon precedent conditions, one who seeks to establish rights under such a contract must show affirmatively that all of the antecedent requirements were strictly complied with.

From the Warren Circuit Court.

*J. W. Sutton* and *W. L. Rabourn,* for appellant.

*J. McCabe* and *E. F. McCabe,* for appellees.

CRUMPACKER, J.—The complaint in this case discloses, substantially, the following facts:

In 1879 James Anderson, the trustee of Prairie township,

Anderson *v.* Prairie School Township *et al.*

in Warren county, leased to William A. Francis, for the term of seven years, an eighty-acre tract of congressional township school land in said township, for the rental of $272 a year. It is alleged that the land was uncultivated and unimproved at the time the lease was executed, and that a great amount of improving, in the line of draining, fencing, and building, was necessary to make the land productive and marketable, and that it was the policy of the trustee to improve the land for the purpose of selling it. By the terms of the lease the tenant was to pay the rent in permanent improvements on the land. At the end of each rental year a settlement was had between the tenant and the trustee; a report was made by the tenant, showing the nature and value of the improvements made by him, and such improvements were accepted by the trustee at each annual settlement. During the term of the lease the tenant, deeming it advisable and consistent with good husbandry, had estimates made of the cost, and contracted with a carpenter for the construction of a dwelling-house on the land. He calculated to build a house that could be paid for out of the unearned rents for the remainder of the term. With this in view the tenant commenced the construction of the building, and after the foundations were laid and much of the timber framed it was discovered that a mistake had been made in the estimated cost of the building, and that it would cost about two hundred dollars more than the estimate, and about that much more than the rent would amount to for the balance of the term. As soon as the mistake was discovered the tenant went to the trustee and informed him of the situation, and the trustee promised to extend the lease at its expiration, and thus enable the tenant to pay for the building out of the rent; and relying upon this promise he went on and completed the building.

It is further alleged that at the expiration of the lease the voters of the township elected to sell the land, and it was sold; that the tenant had expended the sum of $194.96 more than there was due from him for rent, and upon final settle-

ment the trustee issued him a certificate showing that the township owed him that amount for improvements upon public land. It is further averred that the improvements were beneficial to the land ; that the extra amount was expended through an honest mistake, and to save what expense had already been incurred in the construction of the building ; that the land sold for more on account of the improvements, and the school fund had received the benefit of it. The holder of the certificate assigned it to the appellant, who seeks to enforce its collection against the township.

A demurrer was filed, and sustained, to the complaint, and this appeal brings before us for review the decision of the trial court in sustaining the demurrer.

The management of school lands is vested by law in the trustee of the township in which they are located. He may rent them for a term not exceeding seven years, and reserve rents, payable in money, property, or improvements on the land, provided a majority of the voters of the congressional township so directs. Sections 4328 and 4329, R. S. 1881. Whenever five voters of the township petition the trustee for the sale of the land, he shall call an election and take the sense of the voters upon that subject, and if a majority vote in favor of the sale the trustee shall proceed at once to sell the land under the provisions of the law. Section 4339, R. S. 1881.

The only authority the trustee had to manage, rent, and improve the land mentioned in the complaint is given in the sections of the statute above cited.

He could lease for a term of seven years, and reserve rents payable in improvements upon the land only when directed so to do by a vote, or by written instructions from a majority of the voters of the township.

Whenever the authority of a trustee to bind his corporation by contract depends upon precedent conditions, one who seeks to establish rights under such contract must show affirmatively that all of the antecedent requirements were

strictly complied with. There is no averment in the complaint that the trustee leased the land for rent, payable in improvements, in pursuance of the direction of the voters.

No authority is given township trustees to incur debts in improving public lands, and the tenant who constructed the building was bound to know this. He was bound to know, also, that the voters of the township had the right to order the land sold whenever they saw fit, and that the parol promise of the trustee to extend the lease was subject to this contingency.

The case of *Kiefer* v. *Troy School Tp.*, 102 Ind. 279, cited by the appellant's counsel, is not in point. In that case the trustee, in good faith, employed teachers, and failed to receive funds enough to pay them. He advanced the money out of his private funds, and the Supreme Court very properly held that he was entitled to be reimbursed, because he had the right to employ the teachers, and having done so the township was liable for their services, whether it had any money on hand or not. The trustee had the right to create the debt in favor of the teachers, and the advancement by him amounted, in equity, to an assignment to him of their claims against the township.

In this case the trustee had no authority to create a debt against the township for improvements upon the land, and the tenant must have known it. We know of no principle of law, or equity, that will allow one to knowingly contract with an agent in excess of his authority, and enforce such contract against the principal.

The judgment is affirmed, with costs.

Filed April 1, 1891.