## ASSIGNMENTS OF WAGES.

[Circuit Court of Allen County.]

THE CINCINNATI, HAMILTON & DAYTON RAILWAY CO. v. THE LIMA RAILWAY SUPPLY CO.

Decided, June 25, 1905.

*Wages Assigned—Recovery of, an Equity Proceeding—Assent of Debtor to Assignment Necessary, When.*

There can be no recovery in an action at law on an assignment of wages due and to become due, where there is no proof that the debtor assented to the assignment, and the amount due exceeds the amount assigned.

HURIN, J.; NORRIS, J., and VOLLRATH, J., concur.

This is an action at law brought originally before a justice of the peace to recover $40 alleged to be due defendant in error, there plaintiff, by reason of an assignment of $60 of the wages earned and to be earned by an employe of the railway company. Plaintiff recovered judgment before the justice of the peace. The case was appealed by defendant to the common pleas court where the demurrer to the petition was overruled and the case tried to a jury; and apparently on the ground that, at the time of the discharge of the employe, more than the full amount of wages assigned were due said employe from said railway company, a verdict for the full amount, with interest, was returned and judgment rendered by said court. To reverse this judgment

and the overruling of the motion for a new trial, error is prosecuted to this court.

This action was brought as an action at law to recover on an assignment of a part of the wages due and to become due.

On the authority of *Railway Company* v. *Volkert et al,* 58 O. S., 362, the judgment of the common pleas court must be reversed.

In this case, Judge Spear, in rendering the opinion of the court, says, on page 369: "It is conceded that an assignment of a part of a debt can not be enforced at law unless assented to by the debtor." Continuing, he says: "This principle is held in *Mandeville* v. *Welch,* 5 Wheaton, 277, opinion by Mr. Justice Story. The reason is that it might subject the debtor to a multiplicity of suits at the instance of each assignee of separate portions of the debt, and as the original creditor would not be a party to those suits and might thereafter, upon an action for the whole debt, deny the assignments, it would be impossible in a court to protect the rights of all the parties."

Further on in the same opinion, the court proceeds to show that, in a suit in equity, where the original creditor and all other claimants may be brought before the court in one proceeding and their rights all settled by one decree, the same reason would not hold.

The case at bar not being a proceeding in equity and being founded on an assignment of a part only of the wages due, and there being no proof of assent by the debtor to the assignment, is squarely within the rule laid down in the case referred to, which must control in this state, whatever may be the rule in other states under the authorities cited by counsel.

The case of *Porter* v. *Dunlap,* 17 O. S., 591, cited by counsel for defendant in error, is not in point for reason that it appears that the assignment in that case covered the entire amount of wages due and more than that amount. But if it were in point, the latter case of *Railway Company* v. *Volkert,* 58 O. S., 362, would control. The judgment of the court below will therefore be reversed with costs, but without penalty. Judgment against defendant in error for costs, for which execution is awarded, and the cause remanded for execution.