### P. L. ANDREWS v. T. A. RODIJKEIT.

ASSIGNMENT OF UNEARNED WAGES UNDER PRESENT CONTRACT OF EMPLOYMENT, VALID; CONTRA, WHEN NO SUCH CONTRACT EXISTS.

A private individual may, for a valuable consideration, assign wages to be by him earned in the future under an existing contract of employment; but an assignment of wages to be earned from someone not then the assignor's employer, and there being no contract of future employment, is a mere possibility not coupled with an interest, and is unenforcible and void.

ERROR to Lucas common pleas court.

Myer Geelerd, for plaintiff.
Potter & Potter, for railway.
J. H. Boyd, for I. C. Chandler and T. A. Rodijkeit:

An assignment of wages to be earned in the future in absence of a contract of employment is inoperative to convey such wages, and is void being against public policy. 7 Am. & Eng. Enc. Law (2 ed.) 150; Bisphorn's Princ. (5th ed.) Sec. 363; Rose v. Roofing Co. 41 Bull. 21; Cooper v. Douglass, 44 Barb. 409; Fairgrieves v. Navigation Co. 2 Phila. 182; Mandeville v. Welch, 18 U. S. (5 Wheat.) 277 [5 L. Ed. 87]; Gibson v. Cooke, 37 Mass. (20 Pick.) 15 [32 Am. Dec. 194]; Lunn v. Thornton, 1 Com. B. 379; Gale v. Burnell, 7 Q. B. 850; Winslow v. Insurance Co. 45 Mass. (4 Metc.) 306 [38 Am. Dec. 368]; Field v. New York, 6 N. Y. (2 Seld.) 179 [57 Am. Dec. 435]; Langton v. Horton, 1 Hare 549; Calkins v. Lockwood, 16 Conn. 276 [41 Am. Dec. 143]; Chippendall v. Tomlinson, 4 Dougl. 318; Jermyn v. Moffitt, 75 Pa. St. 399; Lehigh Val. Ry. v. Woodring, 116 Pa. St. 513 [9 Atl. Rep. 58]; Godcharles v. Wigeman, 113 Pa. St. 431 [6 Atl. Rep. 354]; 2 Story, Eq. Jurisp. Sec. 1040.

Andrews v. Rodijkeit.

The assignment in question is inoperative, there being nothing upon which for it to operate. *Tolman* v. *Roofing Co.* 9 Dec. 501 (6 N. P. 467) ; *Hart* v. *Gregg*, 32 Ohio St. 502; *Brooks Co.* v. *Tolman*, 27 O. C. C. 321; *Kane* v. *Clough*, 36 Mich. 436 [24 Am. Rep. 599] ; *State* v. *Hastings*, 15 Wis. 75; *Hawley* v. *Bristol*, 39 Conn. 26; *Metcalf* v. *Kincaid*, 87 Iowa 443 [54 N. W. Rep. 867; 43 Am. St. Rep. 391] ; *Boylen* v. *Leonard*, 84 Mass. 407; *Lunn* v. *Thornton*, 1 Com. B. 379; *Gale* v. *Burnell*, 7 Q. B. 850; *Chippendall* v. *Tomlinson*, 4 Dougl. 318; *Williams* v. *Chambers*, 10 Q. B. 337; *Cooper* v. *Douglass*, 44 Barb. 409; *Otis* v. *Sill*, 8 Barb. 102; *Lightbody* v. *Smith*, 125 Mass. 51; *Low* v. *Pew*, 108 Mass. 347 [11 Am. Rep. 357] ; *Twiss* v. *Cheever*, 84 Mass. 40; *Mulhall* v. *Quinn*, 67 Mass. (1 Gray.) 105 [61 Am. Dec. 414] ; *Brackett* v. *Blake*, 48 Mass. (7 Metc.) 335 [41 Am. Dec. 442] ; *Rice* v. *Stone*, 83 Mass. (1 Allen) 566; *Head* v. *Goodwin*, 37 Me. 181; 2 Kent's Commentaries (10 ed.) 468, 641; *Jones* v. *Richardson*, 10 (Metc.) 481; *Hartley* v. *Tapley*, 68 Mass. (2 Gray) 565; *Gardner* v. *Hoeg*, 35 Mass. (18 Pick.) 168; *Tripp* v. *Brownell*, 66 Mass. (12 Cush.) 376; *Crocker* v. *Whitney*, 10 Mass. 316; *Hall* v. *Jackson*, 37 Mass. (20 Pick.) 194; *Carrique* v. *Sidebottom*, 44 Mass. (3 Metc.) 297; *Wade* v. *Bessey*, 76 Me. 413; *Farnsworth* v. *Jackson*, 32 Me. 419; *Steinbach* v. *Brant*, 79 Minn. 383 [82 N. W. Rep. 651; 79 Am. St. Rep. 494].

An assignment which professes to transfer a debt to arise for wages not yet earned against any person by whom the assignor may therefor be employed, although followed by a subsequent notice of assignment to such an employment, is insufficient without acceptances to make a valid transfer of the debt against the employer. *Jermyn* v. *Moffitt*, 75 Pa. St. 399.

Without the assent of the debtor both upon principle and authority that a creditor cannot assign part of a debt or chose in action so as to give even an equitable interest in said assigned fraction of it or create any lien upon it. *Getchell* v. *Maney*, 69 Me. 442; *Farnham* v. *Virgin*, 52 Me. 576; *Robbins* v. *Bacon*, 3 Me. 346; *Cutts* v. *Perkins*, 12 Mass. 206; *Mandeville* v. *Welch*, 18 U. S. (5 Wheat.) 277 [5 L. Ed. 87] ; *Gibson* v. *Cooke*, 37 Mass. (20 Pick.) 15 [32 Am. Dec. 194] ; *Tripp* v. *Brownell*, 66 Mass. (12 Cush.) 376; *Bullard* v. *Randall*, 67 Mass. (1 Gray) 605 [61 Am. Dec. 433] ; Drake, Attachment (3 ed.) Sec. 611.

## WILDMAN, J.

This is a contest over a fund. One of the defendants here, Theodore A. Rodijkeit, was plaintiff below; he sued the railway company and a contest arose between Ida E. Chandler, who had attached certain

wages earned by, and due to, Rodijkeit and one P. L. Andrews. Her right to receive the money was contested by Andrews, who was a defendant below. He filed a cross petition in the court of common pleas, asserting his right to the wages by reason of an assignment which had been made to him by Rodijkeit. The wages at the time of the assignment and for several months thereafter had not been earned, and the question fairly raised is as to whether such an assignment is valid. The court below evidently deemed that it was not and sustained a demurrer to the pleading of Andrews.

For a determination of whether or not the demurrer should have been sustained, it is necessary to glance at the cross petition of Andrews. In substance it alleges:

"On the twenty-second day of April, 1904, the said plaintiff (Rodijkeit) was in the employ of said defendant, the Lake Shore & Michigan Southern Railway Company and so remained in the employ of said defendant continually up to the twenty-fifth day of January, 1905. That on said twenty-second day of April, 1904, said plaintiff, for a valuable consideration, assigned to defendant, P. L. Andrews, out of the wages then due, or to become due him from said defendant company, the sum of seventy-five dollars ($75) and that there is now due this answering defendant, on said assignment, a copy of which is hereto attached and marked exhibit A and made a part hereof, the sum of forty-five and sixty one-hundredths dollars ($45.60).

"That due notice of the execution and the delivery of said assignment was given the said defendant, the Lake Shore & Michigan Southern Railway Company while it was indebted to plaintiff."

He asks that his assignment may be declared to be a first and best lien on the sum due the plaintiff from the defendant, the Lake Shore & Michigan Southern Railway Company, and for judgment for such amount.

The demurrer, of course admits the truth of all the material statements in the pleading demurred to. The question is an interesting one which might invite, if there were time, a consideration of a large number of cases which we have examined. The question has not been determined by any adjudication of the Supreme Court of the state. The circuit court of Cuyahoga county passed expressly upon the question in the case of *Brooks Co.* v. *Tolman,* 27 O. C. C. 321, the syllabus of which case I will read:

"An assignment of wages or salary to be earned in the future under an existing contract of employment, made for a valuable consideration, invalid and enforcible; and neither the assignor nor his family can

Andrews v. Rodijkeit.

claim such money, or any part thereof, as an exemption in lieu of a homestead, as against the rights of the assignee under the assignment.''

The case seems to be well considered and indicates very careful research of the authorities on the part of the judges making the holding, Marvin, Hale and Winch.

We have been unable in our examination of the matter to find any case in conflict with the rule as laid down in 4 Cyc. 17 to 20:

''Future earnings or salary of a private individual, and anticipated profits under existing agreements, may be assigned, although the contract under which the work is being done may be indefinite as to time of employment and the amount to be paid for the work.

''But, in order that there may be an assignment of future earnings, it is essential that the expectation of such earnings shall be based upon an existing contract of employment; as without such contract there cannot be any valid assignment, either in law or equity, of wages and salary to be earned in future, for the reason that, under such circumstances, future earnings constitute a mere possibility not coupled with an interest.''

In the case of *Grant* v. *Ludlow*, 8 Ohio St. 1, we find this language on page 37, used by Judge Swan:

''Whatever choses in action are transmissible by operation of law, are assignable in equity.''

Then he gives the rule stated by Judge Story in *Comegys* v. *Vasse*, 26 U. S. (1 Pet. )193, 213 [7 L. Ed. 108], as follows:

'' 'In general, it may be affirmed that mere personal torts, which die with the party, and do not survive to his personal representative, are not capable of passing by assignment; and that vested rights *ad rem* and *in re*—possibilities coupled with an interest, and claims growing out of, and adhering to property—may pass by assignment.' ''

The suggestion which I wish to make is that the learned judge is apparently recognizing a doctrine that a possibility coupled with an interest is susceptible of assignment, and it will be found that unearned wages under an existing employment are, by the current of authorities recognized as possibilities coupled with an interest, notwithstanding the decisions of our Supreme Court in the case of a son having nothing but an expectation of inheritance, nothing which he may transfer during the life of the father. It seems to us that the drift of authorities is possibly inconsistent with the rule as to assignments of expectations of inheritance and yet it seems to be an unbroken line and to have established

52 O. C. C. Vol. 27

the rule in the case of unearned wages where the rights of private persons are concerned. In the case of public officers, the rule seems to be different. I read from 4 Cyc. 19:

"The assignment, by certain classes of public servants, of their unearned salaries or fees of office has been forbidden by statute in England and by act of congress in the United States. But, even in the absence of statute, the great weight of authority, both in England and in the United States, is to the effect that an assignment by a public officer of the unearned salary or fees of his office is void as against public policy. The doctrine has been extended so as to forbid the assignment, by private trustees, of expected fees to be earned by the performance of duties of the trust, when such duties and the compensation therefor are prescribed by statute."

We have a case in Ohio, *Porter* v. *Dunlap,* 17 Ohio St. 591, where the court recognized the validity of an assignment by a school teacher of unearned compensation as an equitable assignment and held that a subsequent attempt to draw the fees by the school teacher was in fraud of the assignment and that the person to whom he had assigned should be permitted in equity to collect the fund.

In *Tolman* v. *Roofing Co.* 9 Dec. 501 (6 N. P. 467), the attempted assignment was by one who was not employed at the time of the assignment, and that distinguishes the case from the one at bar. I might say that there is one citation in 4 Cyc. 17, that at first glance might seem to be in conflict with the prevailing rule. It is a reference to *Spain* v. *Brent,* 68 U. S. (1 Wall.) 604 [17 L. Ed. 619], to be found in the foot note, but on an examination of the report we find the case not in conflict with the drift of authorities; so that we discover no exception in the adjudications to the enunciation of this rule, that a person who is in the employ of another may assign his wages not then earned, but an attempted assignment of wages which by a possibility may be earned from somebody not then an employer, and where there is no contract for a future employment, is not valid. There is nothing in the latter case but a mere possibility and, as the authorities say, it is not coupled with an interest.

Now much against our notions of what would be the better rule in harmony with the principle as to the sale of an expectancy, we feel compelled to differ with the court below. We are not shaken in this view by the fact that there is no express averment that in this case there was a contract of employment. It is averred in the cross petition of Andrews that Rodijkeit was "in the employ" of the company at the

Andrews v. Rodijkeit.

time and that he remained continuously in the employment to and during the time of the earning of the wages sued for.

The term "in the employ" involves the idea of employer and employe, and the expression used expresses the idea of a continuing service. To say that one is in the employ of another is as much as to say that he has been employed by him and that he is still rendering services involved in the employment. There is no escape from this. Logically, to say one is in the employ of another, is to say he is not rendering gratuitous services. It involves the idea of a contract of employment. And, having that view, we think that by a fair construction of this pleading it does allege a contract of employment, and, in *Mallin* v. *Wenham*, 209 Ill. 252 [70 N. E. Rep. 564; 101 Am. St. Rep. 233], an existing employment was held to be sufficient to entitle a person to make an assignment of wages not then earned, he having a possibility coupled with an interest. We hold that Rodijkeit could make the assignment which he made. Therefore, there being no other question involved herein, it will be our duty to reverse the judgment of the court below.

I might say in passing that the parties, some of them, seem to have the idea, expressed in brief and in argument, that the rights of the other party, Mrs. Ida A. Chandler, are involved; but it will be noted that Ida A. Chandler has not demurred to this pleading.

The question of her rights is not necessarily before us, so far as this demurrer is concerned and one ruling upon the demurrer involves only the right of Rodijkeit. He brought the suit; Rodijkeit was asking for the fund; he is not asserting Ida A. Chandler's rights; he is saying that she claims some interest; but he is not asserting her interest.

The judgment of the lower court will be reversed, and the case remanded for further proceedings.

**Haynes** and **Parker, JJ.,** concur.