## Rutherford School Township *v.* Craney.

[No. 7,705.   Filed October 15, 1912.]

1. Schools and School Districts.—*Teachers.*—*Action for Compensation.*— *Complaint.*— *Allegations.*— *Sufficiency.*—Under §6599 Burns 1908, Acts 1907 p. 146, fixing the minimum daily wages of teachers for teaching in the public schools, and §6598 Burns 1908, Acts 1903 p. 528, making school officers liable to a penalty for failure to pay the teachers employed by them at·least the minimum wage provided by statute, a complaint by a teacher to recover for services, averring a written contract to teach a township school for a term of 120 days, the wages she was to receive, that she taught 120 days, the amount paid to her, and the amount due to her under the minimum wage scale, and also under the terms of the contract, was sufficient without averring that the township advisory board had made provision for the money to pay her salary, or that at the time of making the contract the trustee had sufficient funds on hand with which to pay it. p. 237.

2. Pleading.—*Complaint.*—*Sufficiency.*—A complaint against a debtor, which states the facts creating a liability, is generally sufficient without referring to his ability to pay. p. 239.

Rutherford School Tp. *v.* Craney—51 Ind. App. 236.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Teachers.*—*Action for Compensation.*—*Answers.*—*Sufficiency.*—Answers, in a teacher's action for compensation, admitting the execution of the contract sued on, but averring that it was one that the trustee had no authority to make, because, at the time, he did not have sufficient funds, and would not receive sufficient funds from the various levies made, to pay the wages agreed on, and that the advisory board had not authorized him to contract an indebtedness in excess of funds on hands and to be received from levies made, do not state a defense to the action, since it is mandatory on a township trustee to continue the schools for at least 120 days, as provided by §6411 Burns 1908, Acts 1899 p. 424, to employ teachers to teach such schools, and to pay at least the minimum wage provided by §6599 Burns 1908, Acts 1907 p. 146.  p. 239.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Teachers.*—*Action for Compensation.* — *Answers.* — *Allegations.* — *Conclusions.* — Allegations contained in answers to a teacher's action for compensation, that the trustee did not have sufficient funds at the time of making the contract and would not receive sufficient funds from the various levies made and that all the funds which would be acquired during said school year were not sufficient to pay plaintiff under the contract, were conclusions of the pleader and without legal effect.  p. 241.

From Martin Circuit Court; *Hileary Q. Houghton,* Judge.

Action by Ruth Craney against Rutherford School Township, of Martin County.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Frank E. Gilkison,* for appellant.
*William P. Dennigan,* for appellee.

IBACH, J.—This action was brought by appellee against appellant to recover a sum of money which she claims is due her for teaching in the public schools of appellant township, and for services performed while acting as janitor of the school building in which she taught.  The latter demand, however, was denied by the trial court.

It appears from the complaint that appellee agreed in writing to teach one of the township schools for a term of 120 days at $2.69 per day, or forty-five cents per day in excess of the minimum per diem provided by law for a teacher of her average grade.  It is averred

that at the time she entered into the contract with the township trustee she held a twelve-months teacher's license, and that at the examination for license she received a general average of eighty-nine and eight-tenths per cent. The minimum wages to be paid all licensed teachers in the public schools of this State are provided for by statute. The statute in force at the time the contract before us was executed provides "that the daily wages of teachers for teaching in the public schools of the state shall not be less, in the case of beginning teachers, than an amount determined by multiplying two and one-half cents by the general average given such teacher in his highest grade of license at the time of contracting." §6599 Burns 1908, Acts 1907 p. 146. The statute also provides for an increased minimum wage when the teacher has had a successful experience for one school year of not less than six months. It is further provided by statute that "all school officers shall comply with the provisions of this act and shall pay the teachers employed by them no less than the amount to be determined by sections one and two of this act. School officers who shall be adjudged guilty of violating any of the provisions of this act shall be fined in any amount not exceeding $100 for such offense." §6598 Burns 1908, Acts 1903 p. 528.

In the complaint now under consideration there is no averment as to the length of time appellee had taught prior to the date of her contract with appellant; and for the purpose of determining the sufficiency of the complaint this is not essential, for the averments are sufficient to show the employment, by a written contract, of appellee by appellant to teach in the schools of Rutherford township, and that she taught 120 days, and the sum total received by her was $174.47, instead of $268.80, to which she was entitled under the minimum wage scale, or $322.20 under the terms of the contract. By statute it was the plain duty of the township trustee to contract in writing with some teacher to teach the school involved here, and it was not necessary to aver that

the township advisory board had previously made provision for the money with which to pay appellee's salary, which the statute says must be paid her, or that at the time of making the contract the trustee had sufficient funds on hands with which to meet it. In the construction of

2. a pleading it is generally sufficient to state the facts which create a liability without referring to the debtor's ability to pay, and we know of no reason why the rule should be any different in this class of cases. The demurrer to the complaint was therefore rightfully overruled, the averments being sufficient to state a cause of action. *Harmony School Tp.* v. *Moore* (1881), 80 Ind. 276; *Kiefer* v. *Troy School Tp.* (1885), 102 Ind. 279, 1 N. E. 560. The record also brings to us a consideration of the second and third paragraphs of answer, to each of which a demurrer for want of facts was sustained, and separate exceptions saved.

The second paragraph of answer admits the execution of the contract sued on, but avers that such contract was one that the trustee of the township had no authority to

3. make, because at the time of making the contract he did not have sufficient funds, and would not receive sufficient funds from the various levies made, to pay appellee the wages agreed on; that the advisory board had not authorized the trustee to contract an indebtedness in excess of the funds on hands and those to be received from such levies; in short, the effect of the averments of this answer is that the contract was in excess of any authority given to the trustee, and he being thus unauthorized to make the contract, the township could not be held under it. The same general averments appear in the third paragraph, with the additional ones that when the trustee discovered there would be a deficiency in the fund out of which the teachers were to be paid, he certified that fact, with others, to the county superintendent of schools, that the county superintendent examined said statement and forwarded it to the state superintendent of schools, who received it, but did

not issue an order on the auditor of state in favor of appellant for the amount necessary to complete the term of school, for the reason that there were at the time no funds in the state treasury available for that purpose.

The statute makes it mandatory on the township trustee to continue the schools of his township for a period of at least 120 school days (Acts 1899 p. 424, §6411 Burns 1908), to employ teachers to teach such schools, and to pay at least the minimum wage provided (§6599, *supra*), and makes the trustee liable to a fine on his failure so to do. Again, §6675 Burns 1908, Acts 1901 p. 470, provides that "every parent, guardian, or other person in the State of Indiana, having control or charge of any child or children between the ages of seven and fourteen years, inclusive, shall be required to send such child or children to a public, private or parochial school  *  *  *, for a term or period not less than that of the public schools of the school corporation where the child or children reside," etc.

It is quite evident from the language of our Constitution, and from the sections of our statutes just referred to, that the cause of education in Indiana is held in the highest esteem and considered of the highest importance, and the legislature in providing for a township advisory board never intended that such board should be given authority which would permit it to interfere with the strict mandates placed on the officers of the schools and the parents and guardians having the care and custody of children of school age  *Advisory Board, etc., v. State, ex rel.* (1905), 164 Ind. 295, 73 N. E. 700. The duty rests primarily upon the State to provide means for educating her young people, and the State has designated certain officials to have supervision over her schools, and has, by statute, declared what their duties are, and how they are to be exercised, under penalties, and then, when the schools are equipped in accordance with the statute, the law makes it equally imperative on the person controlling children of school age to send them to school.

The legislature, in its wisdom, intended to make the duty one of the highest concern, both on the part of the trustee and on the part of the parent or guardian, and left no discretionary power in any one, so far as the minimum term of school is concerned and so far as the minimum wage is concerned. To this extent, at least, it may be correctly stated, that the legislature has furnished the contracts which the several trustees must sign with the teachers of the township public schools. It is certain that the legislature was determined that all children of school age should have at least 120 days of school each year, and should be taught by competent teachers, fixing the salary on the basis of the grades received at their examination, to be increased with their experience in teaching.

The statute also provides that "the school trustees of the several townships, towns and cities shall have power to levy annually a tax not exceeding fifty cents on each hundred dollars of taxable property and twenty-five cents on each taxable poll, which tax shall be assessed and collected as the taxes of the state and county revenues are assessed and collected, and the revenue arising from such tax levy shall constitute a supplementary tuition fund, to extend the terms of school in said townships," etc. §6443 Burns 1908, Acts 1903 p. 409.

There is no averment in the answer that such a tax was ever levied by the trustee of the township here involved, or that a deficiency of funds remained after such levy had been made. Statements of the pleader's conclusions, unaccompanied by a statement of the facts from which such conclusions are drawn, are without legal effect. Such is the allegation of each paragraph of the answer under consideration: "That he did not have sufficient funds at the time of making the contract and would not receive sufficient funds from the various levies made"; that all the funds which would be acquired during said school year, etc.,

were not sufficient to pay plaintiff under said contract. It is possible, perhaps, that such conditions might arise in some township in the State whereby such township would be unable, under the provisions of the law, to create school revenues sufficient to continue the schools for the minimum period, and the township trustee might thereby be excused for conducting such schools for a less term, but no such facts are averred in the answer, and likewise no averment which could in anywise be construed to constitute a defense to the action for the minimum wage due appellee. We therefore hold that the answers are wholly insufficient to state a defense to so much of the complaint as refers to the minimum term taught by appellee and the minimum wage sought to be recovered, and the demurrers were properly overruled. Appellant has failed to present any question as to the amount of the judgment obtained by appellee in the court below, consequently we are not required to consider it here.

Judgment affirmed.

Note.—Reported in 99 N. E. 485. See, also, under (1, 3) 35 Cyc. 1106; (2) 31 Cyc. 101; (4) 31 Cyc. 49.