THE STATE *v.* BOWERS.

The subject of the act of 1857 entitled "An act to amend the first section of an act entitled 'An act concerning licenses to vend foreign merchandize, to exhibit any caravan, menagerie, circus, rope and wire dancing, puppet-show, and legerdemain,' approved *June* 15, 1852, and for the encouragement of agriculture, and concerning the licensing of stock and exchange brokers," is licenses. The act is not unconstitutional for containing more than one subject.

The title of that act does not embrace concerts; and an information will not lie, under the attempted provision of the act touching the exhibition of concerts without license.

APPEAL from the *Marion* Court of Common Pleas.

WORDEN, J.—Information against the appellee for exhibiting a concert for pay without having obtained a license, &c. On the defendant's motion, the information was quashed, on the ground that there was not "any law, valid under the constitution, authorizing or requiring a license to exhibit for pay, any concert, within the state of *Indiana.*"

The act of 1857 (Acts of 1857, p. 89), which was in force at the time of the alleged exhibition, expressly requires a license to exhibit for pay any concert. The question arises whether this act, so far as it relates to any concert, was enacted in accordance with the requirement of the constitution that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title."

The title of the act of 1857 is as follows, viz.: "An act to amend the first section of an act entitled 'an act concerning licenses to vend foreign merchandize, to exhibit any caravan, menagerie, circus, rope and wire dancing, puppet show, and legerdemain,' approved *June* 15, 1852, and for the encouragement of agriculture, and concerning the licensing of stock and exchange brokers."

Is there anything in the title of the original act (thus set forth in the title to the amendatory act), or in the title to the amendatory act itself, that would authorize the

enactment of the clause requiring a license to exhibit a concert for pay?

We will inquire, first, whether the title to the original act is sufficient in this respect. The subject of the original act is licenses. This is the general subject of the act, applied and limited to the matters enumerated. If the license upon each kind of business or exhibition should be considered a subject distinct and separate from the license on the others named, then, perhaps, the act would be void as embracing some seven different subjects. But, as before remarked, the subject of the act is licenses, and it seems to us that the legislature may, without violating the constitutional provision mentioned, in the same act, require a license to be paid for carrying on different kinds of business, or for making different kinds of exhibitions. Hence the act is not void as embracing more than one subject. But although the general subject of the act is licenses, and although the legislature may, in the same act, require a license for different kinds of business or exhibitions, still the title in question limits the application of the general subject to the particulars enumerated. Had the title been an act to require the payment of licenses in certain cases, a different question would have been presented. In such case, the subject would not have been limited to enumerated particulars, as is done in the title in question. The specification in the title, of the cases in which licenses are to be required, entirely negatives the idea that the act itself extends beyond the cases enumerated. Now had the clause requiring a license to be paid for exhibiting a concert for pay, been contained in the original act, it would have been void; because the title specified the particulars in which a license was to be required, and a "concert" is not amongst them. This point is illustrated by the case of *The State* v. *Wilson,* 7 Ind. R. 516. There it was held that the title "an act to revise, simplify, and abridge the rules of practice, pleadings, and forms, in civil cases, in the Courts of this state," did not authorize the enactment of forms in criminal cases, because the title did not ex-

press the subject of those forms.  There the subject of the enactment was limited in the title to civil cases, and it was held that an enactment on the same subject, in reference to criminal cases, was void.  So here the subject of the statute, as expressed in the title, is licenses in particular, specified cases; and an enactment requiring a license in other cases than those specified, would, for the same reason, be void.

It is insisted, however, that the enactment requiring a license for exhibiting a concert is properly connected with the subject of the license required in the cases specified in the title of the act in question.  However proper it might be, viewed merely as a legislative question, and in the absence of any constitutional restriction, to connect in the same law a provision for a license to exhibit a concert, with one to exhibit a puppet show, or anything else mentioned in the title under consideration, we think they are not properly connected in the sense meant by the constitution.  Indeed, they do not seem to have any connection at all.  The position assumed would virtually destroy the constitutional restriction.  It would permit, under a title specifying a given subject, the enactment of laws generally, upon all subjects that might be properly legislated upon in connection with the subject specified.  This was evidently not the intention of the framers of the constitution.  The language employed, "matters properly connected therewith," is not to be construed as meaning "matters that may with propriety be connected therewith."  The plain and obvious import is, that the matters must be, in and of themselves, properly connected with the subject, and not such merely as might with propriety be brought into connection.  This point may be illustrated by reference to the case of *Mewherter* v. *Price*, 11 Ind. R. 199.  Under the title of "an act concerning promissory notes and bills of exchange," the legislature had provided "that all promissory notes, bills of exchange, or other instruments of writing," signed, &c., should be negotiable by indorsement thereon.  It was held that the clause concerning "other instruments of writing," was void, the subject

May Term,
1860.

THE STATE
v.
BOWERS.

thereof not being expressed in the title. Now it might be eminently proper to connect "other instruments of writing" with bills of exchange and promissory notes, in determining, by legislative enactment, what should be negotiable; yet such other instruments are not of themselves properly connected with bills and notes. So in the case at bar, a license for a concert has no proper connection with a license for anything else specified in the title to the act, however proper it might be to legislate upon them in connection with each other.

We are of opinion that the title to the original act is not sufficient to sustain the enactment in question. The title to the amendatory act adds nothing to the other, except the proposition that it is an act "for the encouragement of agriculture, and concerning the licensing of stock and exchange brokers." It is evident that the subject of a license for a concert is not expressed in anything that is thus added. For the purposes of this case, the amendatory act may be considered as entitled an act merely to amend the former act, without in any manner indicating the nature of the amendment.

We think it clear that in such amendatory act, under such a title, nothing can be introduced except such matters as might have been incorporated in the original act under its title. Were it otherwise, the constitutional restriction might be totally evaded. Under titles purporting merely to amend former acts, laws might be passed on subjects in no manner expressed in the title of the original act, or of the amendatory one.

This view in no manner conflicts with the decision of this Court in the case of *Reed* v. *The State*, 12 Ind. R. 641, which, perhaps, goes as far as any decided case in sustaining legislation. There the nature of the amendment was set forth in the title to the amendatory act, viz., "so as to extend the jurisdiction of said Court in certain cases." It was held that the subject of the statute amended was the jurisdiction of the Court, and that the title to the amendatory act was sufficient to sustain an enactment giving the Court jurisdiction in criminal cases.

We think the information was correctly quashed, for the reason given (1).

*Per Curiam.*—The judgment is affirmed with costs.

*D. M'Donald* and *A. G. Porter*, for the state.

(1) See *Igoe* v. *The State, post.*