Filed November 28, 1892.

---

No. 15,524.

DURHAM v. THE STATE, EX REL. ANDERSON, PROSECUTING ATTORNEY.

JURISDICTION.—*Appellate Court.—Power to Construe Statutes.—Action to Recover Penalty for Violation of Tax Law.—Recovery Less than One Thousand Dollars.*—An action to recover a penalty for fraudulently converting personal property into property not taxable, for the purpose of evading the payment of taxes thereon, is, on appeal, within the jurisdiction of the Appellate Court, when the amount of the recovery in the trial court is less than one thousand dollars, unless some other question not within its jurisdiction arises.

The appellate Court has power to construe statutes. es.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *S. C. Kennedy*, for appellant.

*A. B. Anderson*, for appellee.

McBRIDE, C. J.—The complaint in this case charges the appellant with a violation of the following provision of section 6339, R. S. 1881 :

"If any person or corporation    *    *    *    shall temporarily convert any part of his personal property into property not taxable, for the fraudulent purpose of preventing such property from being listed, and of evading the payment of taxes thereon—he or it shall be liable to a penalty of not less than fifty dollars nor more than five thousand dollars, to be recovered in any proper form of action, in the name of the State of Indiana, on the relation of the prosecuting attorney."

The action was brought to recover the penalty prescribed by the statute. The appellee recovered a judgment for six hundred dollars, and is content. Six hundred dollars is, therefore, the amount in controversy.

Being for the recovery of money only, and the amount in controversy being less than one thousand dollars, the jurisdiction of the appeal is in the Appellate Court, unless the record presents some other question for determination not within its jurisdiction. We are unable, after a careful examination of the record, to find any such question involved.

True, counsel for the appellant, in their brief, suggest the query as to whether the statute in question is not in contravention of the laws of the United States exempting United States securities from taxation. Following this argument to its conclusion, however, we find that they do not question the validity of the law, but deny its application to the facts pleaded. The complaint charges the temporary conversion of taxable into non-taxable property, with the fraudulent purpose of preventing it from being listed, and of evading the payment of taxes thereon, but shows that all of the property taxable, as well as nontaxable, remained within the State, and within the jurisdiction of the proper taxing officer.

Counsel for the appellant concede the validity of the law, and its application to a case where the taxable property is,

when thus temporarily converted, placed beyond the reach of the State. They say:

"One might possibly perpetrate a fraud on the State, by temporarily exchanging money in this State, subject to taxation, for national securities out of the State; but, so long as both the money and the national securities remain in the State, fraud on the State is impossible. * * * A person in Indiana might take $25,000 in gold to Chicago, on the 30th of March, and there temporarily exchange it for $25,000 in greenbacks or national bonds, and this would result in a fraud on the State."

There is, therefore, in the argument of counsel, nothing calling for a decision as to the validity of the statute, nor are we able to find anything in the record whatever requiring or justifying a determination of that question.

A decision of the case will, doubtless, require a construction of the statute. It will be necessary to determine its meaning, and whether or not the facts pleaded fall within its purview. Such construction is clearly within the power of the Appellate Court. In our opinion, the jurisdiction of the appeal is in the Appellate Court, and the clerk is, directed to transfer it accordingly.

Filed September 13, 1892.