Hackney, J.
The petitioner, the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, seeks the issuance of the alternative writ of mandate by this court directing the Appellate Court of Indiana, or its judges to certify, or to show cause why the case of said company against John M. Hays and another, appealed to said court, should not be certified to this court for consideration and decision.
The petition discloses that the Appellate Court assumed jurisdiction of said appeal, rendered its opin *696 ion and decision therein and, upon further opinion, overruled the petition of said company for a rehearing. It is urged that the action of that court was void for the want of jurisdiction and, by agreement, the record and briefs in that case are exhibited with the petition that this court may be advised as to the question of jurisdiction in that court. The appeal to the Appellate Court was by the petitioner herein, and was from a judgment of the Jay Circuit Court for $1,480.00, and declaring a lien therefor upon the petitioner’s right of way, for the improvement of a street in the town of Dunkirk. The petition does not deny the jurisdiction of that court, because of the amount involved, nor because that court does not possess jurisdiction in cases involving “the foreclosure or enforcement of liens of purely statutory origin,” but it denies jurisdiction upon the insistence that the case was one “where the constitutionality of a statute” of the State was “in question and such question” was “duly presented.” If this insistence were correct no doubt could exist that the Appellate Court was without jurisdiction and that, therefore, its decision would be void. This conclusion would follow from the express denial, in the act creating that court, of jurisdiction, where such question is involved and “duly presented.” Section 1336, Burns’ R. S. 1894 (Acts 1893, p. 30).
Upon the face of the record no such question is apparent and if it was involved at the time the court rendered its original opinion, it became so from the argument of counsel representing the appellant in that case.
The only argument from which it was possible to infer that the validity of a statute was involved, or that counsel doubted the validity of a statute, was addressed to the question of the legislative intent, in *697 enacting the statute, section 4290, Burns’ R. S. 1894, ei seq., as‘to charging a railway bed and right of way with any of the costs of the improvement of a street. No provision of the constitution, state or federal, was cited or quoted, but it was insisted that the statute could not have contemplated the assessment of a railroad right of way which could not be benefited by the improvement. As a reason for the construction insisted upon it was said by counsel: “Private property can only be taken for a public purpose upon just compensation given.” While the words quoted from the brief of counsel indicate that he had in mind a provision of section 21, article 1, of the state constitution, it is very clear that they were employed' to illustrate a question of- statutory construction and that they were not employed to point an objection to the constitutional validity of a statute.
This was the force of the argument as understood by the Appellate Court. 17 Ind. App. 261.
There was not enough in the argument to fairly indicate a sincere belief on the part of counsel that a constitutional question was involved, nor was there enough to impress the court that a duty arose to pass upon and decide one way or the other as to the constitutional validity of the statute. Unless this appears, the question is not duly presented. Benson v. Christian, 129 Ind. 535; Dowell v. Talbot Paving Co., 138 Ind. 675; Durham v. State, 133 Ind. 422.
Questions not argued have always been held waived. Bates v. Bulla, 6 Ind. 36; Donovan v. Stewart, 15 Ind. 493; Burk v. Hill, 55 Ind. 419; Goldsberry v State, 69 Ind. 430; Williams v. Potter, 72 Ind. 354; Martin v. Martin, 74 Ind. 207; Coffin v. Trustees, 92 Ind. 337; Western Union Tel. Co. v. Ferris, 103 Ind. 91; Louisville, etc., R. W. Co. v. Grantham, 104 Ind. 353; Funk v. Rentchler, 134 Ind. 68; Lankford v. State, *698 144 Ind. 428; City of Bedford v. Neal, 143 Ind. 425; Pittsburgh, etc., R. W. Co. v. O'Brien, 142 Ind. 218; Newport v. State, 140 Ind. 299; Lawrence v. VanBuskirk, 140 Ind. 481.
The fact that, upon petition for a rehearing, the appellant in that case urged an objection to the constitutionality of the statute could not be' held to present the question already waived, for it is a well settled question of practice that a rehearing will never be granted to permit the parties to present questions not presented upon the original hearing. Blough v. Parry, 144 Ind. 463; Stotsenburg v. Fordice, 142 Ind. 490; Funk v. Rentchler, supra Wasson v. First Nat'l Bank, 107 Ind. 206; Board, etc., v. Center Township, 105 Ind. 422; Fleetwood v. Brown, 109 Ind. 567; Union School Tp. v. First Nat'l Bank, 102 Ind. 464; Schafer v. Schafer, 93 Ind. 586; Thomas v. Mathis, 92 Ind. 560; Danenhoffer v. State, 79 Ind. 75; Elliott’s App. Proced., section 557.
The learned counsel for the petitioner, in their brief in support of the petition, insist that, in addition to the constitutional validity of the statute, the case presented also the validity of an ordinance. The petition herein contains no such proposition, and no such question, therefore, is before us. It is suggested also that the validity of the statute was presented to the Appellate Court upon oral argument. If such were the statement of the petition, the facts in the petition not being controverted, we might feel it our duty to accept the statement. The petition, however, does not so present the question, but it merely states, by way of recital, that “the record in said cause * * * disclosed the fact that the constitutionality of the law * * * was duly presented and that said question was presented and argued to the court in -its briefs and in oral argument.” The points for oral argu *699 ment filed in said cause do not, nor does the record otherwise disclose that any such question was orally argued.
Generally, counsel contend, a court cannot assume jurisdiction of the subject-matter of a cause, even by agreement, or by the laches of the parties, where such subject-matter is not within the defined jurisdiction of such court. From this premise the conclusion is drawn that the Appellate Court exceeded its jurisdiction if a constitutional question had been possible, although no mention of it had been made by the parties. Whatever the general rule, it has no application here, since the limitation upon the jurisdiction of the Appellate Court, in cases for the enforcement of statutory liens, is, that the validity of the statute “is in question and such question is duly presented.” When we have found that the question was not duly presented the limitation is not enforceable.
It not appearing that the Appellate Court exceeded its jurisdiction, the petition is denied.