## THE STATE, EX REL. HART, AUDITOR, v. THE COMMERCIAL INSURANCE COMPANY, OF NEW ALBANY.

[No. 19,762. Filed June 4, 1902.]

INSURANCE.—*Examination by Auditor of State.*—*Statutes.*—*Title.*—*Constitutional Law.*—Section 3 of the act of 1899 (Acts 1899, p. 220), authorizing the Auditor of State to examine every detail of the business of any special charter company transacting insurance business in this State is void for the reason that the subject-matter thereof is not properly embraced in the title of the act within the meaning of §19, article 4, of the Constitution. *pp. 682–685.*

SAME.—*Examination by Auditor of State.*—*Statutes.*—*Title.*—The provision of §4925 Burns 1901 giving the Auditor of State authority to examine "every detail of the business of any company transacting business of insurance in this State," etc., applies to foreign insurance companies only, since said section is amendatory or supplemental to the act of 1865 (Acts 1865, s. s., p. 105), regulating foreign insurance companies doing business in this State. *pp. 685, 686.*

MANDAMUS.—*Writ Including Improper Relief.*—A writ of mandate commanding an insurance company to file annual reports in the office of Auditor of State, and submit to an examination by the Auditor of State, the latter requirement being without authority of law, was properly quashed as a whole. *pp. 686, 687.*

From Marion Superior Court; *Vinson Carter,* Judge.

Mandamus by State on the relation of William H. Hart, Auditor of State, against the Commercial Insurance Company to compel the latter to file annual reports and submit to examination. From a judgment denying the writ, relator appeals. *Affirmed.*

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for appellant.

*C. F. Coffin, O. B. Jameson* and *F. A. Joss,* for appellee.

JORDAN, J.—The relator, as Auditor of State, instituted this action to obtain a writ of mandate against appellee to compel it to file in his office annual reports, and further to permit him, as such auditor, to have access to all of its books and papers, for the purpose of examining every detail of its business in the interest of its policy holders. The petition for the writ discloses that appellee, "The Commercial Insurance Company of New Albany, Indiana," was originally incorporated under a special act of the legislature, entitled, "An act to incorporate the New Albany Insurance Company", approved February 2, 1832, Acts 1832, p. 160; that the name of this company was subsequently changed, by a proceeding in court, to "The Commercial Insurance Company of New Albany, Indiana;" that said company is engaged in doing a fire insurance business in this State, and since March 2, 1899, has wholly failed and refused to file annual reports in the office of the Auditor of State, and has failed and refused to permit the relator, as such auditor, to examine its books, papers, etc., all in violation of the provisions of an act of the legislature approved March 2, 1899. An alternative writ was issued reciting the facts alleged in the petition, and thereby appellee was commanded to file in the office of the relator, "the duly verified statement required by law," and to grant relator access to all its books and papers "for the purpose of an examination into every detail of the company's business," etc. Appellee successfully demurred to the alternative writ, and the court rendered its final judgment denying a peremptory writ of mandate. These rulings of the court are assigned as errors. The relator bases his demand for the right which he claims in this action upon an act of the legislature approved March 2, 1899 (Acts 1899, p. 220), entitled, "An act to require insurance companies organized by special act of the General Assembly of the State of Indiana to file annual reports with the Auditor of State, and declaring an emergency." The first section of this act is as follows: "Be it enacted by the General Assem-

bly of the State of Indiana, that every company created by special act of the General Assembly of the State of Indiana, for the purpose of transacting the business of insurance, shall on or before the third Monday of January of each year, furnish the said auditor with a statement, verified by the oaths of the president and secretary of said company, and signed by a majority of the directors of such company, which statement shall show:" (Here follow the several specifications of what the required statement shall exhibit.) Section 2 provides the amount which the Auditor of State shall charge and collect for the State of Indiana, for an examination of the charter, and for the examination of the statement and investigation of evidence of the investment of the assets of such company, in accordance with the provisions of the respective charters, and further provides that the provisions of the act shall not apply to "Farmers Mutual Fire Insurance Associations organized under special act since the year 1852 and doing business strictly under the assessment plan." Section 3 reads as follows: "The Auditor of State shall examine, or cause to be examined, by some competent and disinterested person every detail of the business of any special charter company transacting business of insurance in this State whenever, in his judgment, such examination is required for the interest of the policy holders of such company; and, for the purpose of such examination, has power, either in person or by one or more competent and disinterested examiners by him commissioned in writing." Section 4 declares an emergency for the taking effect of the act.

The principal proposition involved in this appeal relates to the question as to whether §3 is properly embraced in the act under its title. The Attorney-General, in behalf of appellant, affirms that the title of the act in question is sufficient to authorize the provisions enacted by §3, under the requirements of article 4, §19 of the State's Constitution, which provides: "Every act shall embrace but one subject and matters properly connected therewith, which subject

shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

This contention, counsel for appellee deny, and with much force contend that the relator is not authorized under the act to subject the books and papers of appellee and every detail of its business to an examination by him in the interest of its policy holders, and in support of this contention it is claimed that §3, under which the relator asserts his right to make an examination, is not properly a part of the statute, for the reason that it has been incorporated therein in violation of the provisions of the above section of the Constitution. Counsel for appellant further contend that the relator is justified in his demand for an examination of the books and papers and business of appellee under an act of the legislature of 1865, which relates to foreign insurance companies, by virtue of the amendments of the original act as made in 1877.

It is evident that the matter embraced in §3 is not the subject of the act as expressed and disclosed by its title. A reading of the title fully reveals that the subject of the legislation is to require "insurance companies organized by special act to file annual reports with the Auditor of State." The question then arises, is the matter embraced in §3 properly connected with the subject expressed within the meaning of the above section of the Constitution? If the act had been entitled as one either relating to or concerning insurance companies organized by special act, etc., quite a different question would be presented, for such a title would in a sense be general and comprehensive in its character, and the legislation thereunder would not be specially limited or confined to the subject of requiring the designated companies to file annual reports with the Auditor of State. When the subject of the act in question, as disclosed by the title, is considered, there certainly is no obvious connection between such sub-

ject and the matter or provisions embraced in §3, which attempts to confer the power or right upon the Auditor of State to examine the books and papers of insurance companies mentioned whenever, in his judgment, such examination is required for the interests of the policy holders. Counsel for appellant, however, say: "The only purpose of requiring reports to be made to the Auditor of State was that they might be examined. A report would be of no service which could not be investigated; nor would a report afford any protection to the public unless, with the right to examine it, there was coupled the right to verify its statements by access to the books and papers of the company making the report." But it is not the right to examine the books and papers and all details of appellee's business, in order to verify its annual report after the same has been placed on file in the auditor's office, that the relator demands. In fact, it is shown that no report has been filed by appellee company, and the relator under his petition does not profess to limit or confine his demand to an examination of the company for the purpose of verifying its annual report, but the right exacted, under the facts alleged in the petition, is that of being permitted to make an examination of appellee's books, papers, and business "whenever in his judgment such an examination is required for the interests of the policy holders of the company." While this court has been liberal in the past in construing §19, of article 4, of the Constitution, nevertheless, it has frequently held that when the title of an act is so special or limited as to include one particular only of some general subject over which legislation may be had, then, and under such circumstances, the body of the act must be limited or confined to the particular or special subject expressed in the title, and to matters properly connected therewith, and the act can not deal with other particulars of such general subject. It is too evident for argument that the title of the act involved points alone to legislation in respect to the filing of annual reports by the

companies specified or mentioned, and falls clearly within the rule asserted in *State* v. *Bowers,* 14 Ind. 195; *Grubbs* v. *State,* 24 Ind. 295; *Bright* v. *McCullough,* 27 Ind. 223; *State* v. *Young,* 47 Ind. 150; *Henderson* v. *London, etc., Ins. Co.,* 135 Ind. 23, 20 L. R. A. 827, 41 Am. St. 410.

Apply the test prescribed by this court in *State* v. *Young, supra,* which was approved in *Henderson* v. *London, etc., Ins. Co., supra,* and which may be accepted as a fair test in this case, and eliminate from the act in controversy all of its provisions except §3, and it will become obvious that the latter section can not be upheld under the title upon the ground·that it embraces matters properly connected with the particular and limited subject expressed in the title. It has been frequently affirmed by the decisions of this court, and also by other authorities, that one of the essential objects of §19,·article 4, in requiring the subject of an act to be expressed in its title, was to apprise the legislature and the public in general in regard to the proposed legislation. It must be evident that the title herein involved would not serve to admonish any one that the purpose or subject of the proposed act was one which in any manner related to or was connected with the general examination at the pleasure of the Auditor of State, of the books, papers, and business of the companies mentioned in the title. Without further comment for the reasons herein given, we are compelled to adjudge that the title of the act of 1899 is not broad enough to embrace §3, and, therefore, said section is void, for the reason that it does not embrace matters properly connected with the subject of legislation within the meaning and requirement of the provision of the Constitution in question.

The contention that relator's demand to be allowed to make an examination of the books and papers of the company at his pleasure is authorized by virtue of §2 of an act of 1877, amendatory of an act approved December 21, 1865 (See, Acts 1865, s. s. p. 105; Acts 1877, p. 65.), can not be

sustained. The act of December 21, 1865, is entitled, "An act regulating foreign insurance companies, doing a business in this State: Prescribing the duties of the agents thereof, and of the Auditor of State in connection therewith, and providing penalties for the violation of this act." The amendatory act of 1877 is entitled, "An act to amend section one of an act entitled 'An act regulating foreign insurance companies doing business in this State, prescribing the duties of the agents thereof, and of the Auditor of State in connection therewith, and prescribing penalties for the violation of the provisions of this act', approved December 21, 1865, and adding supplemental sections thereto." Section 2 of this act is supplemental to that of 1865, as the power of examination thereby invested in the Auditor of State was not authorized under the provisions of said original act. It is beyond controversy that the amendatory act of 1877 could not legitimately incorporate into, or make matters a part of, the original act of 1865 by amendment, or by supplemental section, except only such matters as might have been embraced, under its title, in the original act of 1865. *State* v. *Bowers,* 14 Ind. 195.

It must follow therefore that supplemental §2, being §4925 Burns 1901, which provides that "the Auditor of State shall examine or cause to be examined by some competent and disinterested person, very detail of the business of any company transacting business of insurance in this State, etc.", must be held to apply to foreign insurance companies only, and not to domestic companies organized under the laws of this State, and lends no support to the right asserted by relator to examine the books and papers of appellee.

The right of the relator to coerce appellee by mandate to file in his office the annual reports required by the act of 1899 can not be successfully controverted, but the alternative writ in this case was too broad. It not only commanded appellee to file annual reports, but also required it

to allow the relator to make the examination in question, which, as we hold, he was not entitled to do.

The writ, therefore, under these circumstances, was properly quashed as a whole. *Trant* v. *State,* 140 Ind. 414; *Applegate* v. *State, ex rel., ante,* 119.

Judgment affirmed.

Dowling, J., did not participate in the decision of this case.