## INDIANA TRUST COMPANY *v.* JEFFERSON TOWNSHIP.

[No. 5,549. Filed March 7, 1906.]

1. TOWNSHIPS. — *Incurring Indebtedness.* — *Notice.—Officers.*— All persons dealing with a township trustee must take notice of the limits of his power to bind his township.  p. 427.

2. SAME.—*Auditing Board.—Powers.—Indebtedness.*—Under the act of 1897 (Acts 1897, p. 222) the auditing of an unauthorized township warrant by the auditing board did not give such warrant any validity, such act being intended to circumscribe and not to enlarge the powers of township trustees.  p. 429.

3.  TOWNSHIPS.—*Borrowing Money When Unnecessary.—Recovery.*—A township warrant issued by a township trustee on his road fund, where such fund had enough money to pay its expenditures, although approved by the auditing board, is not enforceable.  p. 429.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by the Indiana Trust Company against Jefferson Township.  From a judgment for defendant, plaintiff appeals.  *Affirmed.*

*Ayres, Jones & Hollett* and *B. F. Ratcliff,* for appellant. *T. J. Terhune* and *Roy W. Adney,* for appellee.

BLACK, P. J.—The appellant brought suit against appellee.  The court rendered a special finding, dated December 12, 1903, and the appellant excepted to the conclusions of law stated upon the facts specially found.  The question as to the correctness of the court's conclusions of law is the only one presented on appeal.

The facts were stated substantially as follows:  The appellant is a corporation duly and legally organized under the laws of this State.  Benjamin F. Moore, September 7, 1897, was the duly elected, qualified and acting trustee of the appellee, Jefferson township, Boone county, Indiana, and on that day he applied to and procured from the appellant a loan of $1,200, and as evidence thereof he, in the name of B. F. Moore, as trustee, then made two township warrants of $600 each, upon the road fund of that township, payable to the appellant, one of which is the warrant described in the complaint herein, as follows:

"$600.   State of Indiana, Boone county, Jefferson township, in the county and State aforesaid, will pay to the order of the Indiana Trust Company $600 out of the road fund, for borrowed money, payable at the office of the Indiana Trust Company of Indianapolis, on or before the 20th day of June, 1900.  Value received, waiving valuation and appraisement laws of the State of Indiana, with interest thereon, at the rate of six per cent per annum payable semiannually, from

the 10th day of September, 1897, until paid, and attorneys' fees.

Dated September 7, 1897. Per B. F. Moore, trustee of Jefferson township, Boone county, Indiana."

On September 7, 1897, said Moore presented this warrant to the auditing board of Boone county, in regular session, and the warrant was then audited by that board, and the following minute of its approval was written upon the face of the warrant:

"Audited and approved September 7, 1897, by the auditing board of Boone county, Indiana. Thomas M. Shaw, president, Enos Kendall, secretary."

This warrant, together with the other $600 warrant, was delivered September 16, 1897, by said Moore to the appellant, at the city of Indianapolis, and the appellant then executed to said Moore a check for $1,200, drawn on the Merchants National Bank of Indianapolis, Indiana, which check was cashed by Moore on that day at that bank, and he then and there received thereon the sum of $1,200. Following the receipt of this money, Moore paid out $650 of the same for road graders, tools and implements, labor and material used in the repair of the public highways of Jefferson township, Boone county, Indiana, and for sewer-tile and bridges, which were also used in repairing the public highways of that township, all of which tools, implements, tile, bridges, labor and material were suitable, useful and necessary for the repair and preservation of said highways, and all of which the appellant still retains. It was found by the court to be impossible to determine from the evidence how much or what portion of said $650 was realized upon the $600 warrant described in the complaint. Since Moore had taken upon himself the exercise of the duties of the office of township trustee, he had received the sum of $5,880.60 belonging to the road fund of said township before "September 7, 1903." He had paid out of said fund, on account of expenses of said

township and had taken credit for labor quietuses, up to and including said date, the amount of $5,018.84; and there was a balance of $870.66 belonging to the road fund of said township in the hands of Moore "on the 7th day of September, 1897." He had in his hands on that date more than $200 of the road fund of that township, in excess of the amount that he paid out on claims for graders, tools, implements, sewer tile, bridges, labor and material, out of the money received from the plaintiff. On the date last mentioned there was no necessity for Moore, as trustee of that township, to borrow money with which to pay claims against the road fund of that township.

Upon the foregoing facts the court concluded the law to be that the appellant was not entitled to recover, and that the appellee was entitled to judgment for costs.

The action was one for the recovery of the borrowed money, with interest thereon.. There were two paragraphs of the complaint, in the first of which a warrant or note for $600 payable out of the road fund was set out. The second referred in like manner to the issuance of a warrant or note for $600, without setting it out. There is some uncertainty as to whether the appellant intended to proceed for the recovery of the $600 and interest thereon represented by the one warrant set out, or for the recovery of that amount, with interest, under each paragraph, though the court appears to have gone upon the theory that the suit was one for the recovery of the sum represented by one warrant alone; that amount and a comparatively small additional sum having been expended upon the highways of the township out of the whole sum borrowed upon the two warrants.

That a township trustee has no general authority to bind his corporation by creating a debt against it, but is a special agent of the township with limited statutory authority, and that all who deal with him as such agent must take notice of the nature and extent of his

authority, are matters well established. If he acts in excess of his powers those who deal with him must be treated as having information of his lack of authority in the premises, and the township can not be bound by estoppel or otherwise, beyond his limited authority. *Union School Tp.* v. *First Nat. Bank* (1885), 102 Ind. 464; *Snoddy* v. *Wabash School Tp.* (1897), 17 Ind. App. 284; *State, ex rel.,* v. *Board, etc.* (1897), 147 Ind. 235.

In *Union School Tp.* v. *First Nat. Bank, supra,* it was held as controlling that the money borrowed by the trustee was paid out when the school corporation had money of its own in the hands of the trustee. "When money was supplied from the public revenues, it was the duty of the trustee to use it in paying claims against the school corporation, and he had no authority to procure money from other sources and thus create a debt against the corporation. With school funds in his hands, he had not the slightest right to borrow money or create a debt." Again, it was there said: "It is only in cases where there is a necessity for borrowing money, and where equity requires that the lender shall be subrogated to the rights of the creditor whose debt was paid with the lender's money, that the school corporation is held liable.  *  *  *  There was no necessity for borrowing money, for the public revenues had supplied all that was needed." It was further said that the lender was bound to take notice of the extent of the authority of the trustee, "and this imposed upon it the duty of ascertaining whether the public had supplied the needed funds." And on petition for a rehearing it was said to be too clear for argument that where the trustee has funds of the corporation in his hands, he can not plunge it into debt. See, also, *Clinton School Tp.* v. *Lebanon Nat. Bank* (1897), 18 Ind. App. 42.

The approval of the warrant by the advisory board seems to have been made in pursuance of the act of March 8,

1897 (Acts 1897, p. 222), which was repealed in
2. 1899 (Acts 1899, p. 150, §7, §8085g Burns 1901).

Concerning this statute of 1897 it was held in *Mitchelltree School Tp.* v. *Hall* (1904), 163 Ind. 667, that it was not intended thereby to enlarge the extent of the powers of township trustees, but further to circumscribe their authority in respect to the issuing of warrants; that the auditing board thereby created was not a tribunal to adjudicate questions between the civil or school township and persons claiming to be its creditors, but merely a ministerial body whose stamp of approval was necessary to the issuance of a warrant in the investigation of which said creditors were not parties. See *Coombs* v. *Jefferson Tp.* (1903), 31 Ind. App. 131.

In the case before us, the action, as before stated, is for the recovery of borrowed money, which by the terms of the warrants given for it was made payable out of the 3. road fund, and a certain amount of which was actually used in the repairing of the highways; but at the time of borrowing the money and at the time of so expending a portion of it, the trustee had on hand money of that fund more than sufficient to pay for such repairs. There does not appear to have been any necessity whatever for borrowing the money, but the contrary fact affirmatively appears. Of this the lender was bound to take notice. The loan was wholly unauthorized, and could not furnish the basis of liability on the part of the township.

Judgment affirmed.