## MITCHELTREE SCHOOL TOWNSHIP *v.* BAKER.

[No. 7,926.   Filed May 29, 1913.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Township Trustee.—Powers. —Notice.*—The power and authority of a township trustee is purely statutory, and all persons contracting with him are bound to know the extent of his authority and that he can create no binding obligation beyond the scope of the authority conferred on him by statute. p. 474.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Teachers.—Contracts.—Township Reform Act.*—While to the extent that the minimum wage must be paid, and the minimum school term taught, as provided by §6599 Burns 1908, Acts 1907 p. 146, and §6411 Burns 1908, Acts 1899 p. 424, the contract between a teacher and the township trustee has been definitely fixed by the legislature and is not affected by the provisions of the township reform act (§§9590-9602 Burns 1908 Acts 1899 p. 150, Acts 1901 p. 415), a contract for the payment of more than the minimum wage is within the provisions of the township reform act and is not enforceable as to the amount in excess of the minimum wage unless an appropriation for the payment of same has been duly made by the advisory board. p. 474.

3. TOWNSHIPS.—*Township Reform Act.—Advisory Boards.*—The purpose of the township reform act is to prevent unwise and unnecessary expenditure of public funds, and under that act the advisory boards of the various townships of the State are alone authorized to allow the contracting of debts against their respective townships, and then only in the manner provided by statute. p. 475.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Teachers.—Action on Contract.—Answer.—Sufficiency.*—In an action by a teacher to recover the wage stipulated in the contract, which was in excess of the minimum wage provided by §6599 Burns 1908, Acts 1907 p. 146, an answer alleging that no sufficient funds were on hand at the time of executing the contract, that sufficient funds were not available for the payment of more than the minimum wage, and that the contract was unauthorized, stated a good defense to the action. p. 476.

From Martin Circuit Court; *Hileary Q. Houghton,* Judge.

Action by Tyrey E. Baker against Mitcheltree School Township, of Martin County. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Frank E. Gilkison,* for appellant.
*F. Gwin,* for appellee.

IBACH, J.—There is but one question presented by this appeal in addition to those decided in the case of *Rutherford School Tp.* v. *Craney* (1912), 51 Ind. App. 236, 99 N. E. 485. Appellee by this action seeks to recover the difference between the contract price for teaching one of the township schools and the minimum wage declared by statute, which latter amount, it appears, was paid him. To the complaint containing these facts appellant filed answer in which it is averred in substance that the contract sued on, was for a sum of money in excess of the funds in the hands of the trustee and in excess of the funds obtainable from the various levies made for school purposes and that the wages per diem set out in the written contract between the trustee and appellee, had not been authorized and were in excess of the amount allowed by law for the minimum wage for the teachers of township schools and that under the

regulations made by the Auditor of State it was impossible for the school township to receive assistance from the state common school fund to pay his per diem in excess of the minimum, which in the case of appellee was $2.79 1-5 per day, all of which facts the plaintiff knew at the time of entering into said contract and continuously during the performance thereof. A demurrer filed to this paragraph of answer was sustained and this action of the trial court is one of the errors assigned for reversal. Consequently, the question which we are called upon to determine is whether appellant's answer shows the contract sued on, was one within the statutory power of the trustee to make.

1. The power and authority of a township trustee is purely statutory and his acts create no binding obligation upon his township unless they are within the scope of his statutory power and all persons who enter into a contract with such officer are bound to know the extent of his authority, and that beyond the limit of such authority he can not bind the township, either civil, or school. *Indiana Trust Co.* v. *Jefferson Tp.* (1906), 37 Ind. App. 424, 427, 77 N. E. 63; *Clinton School Tp.* v. *Lebanon Nat. Bank* (1897), 18 Ind. App. 42, 45, 47 N. E. 349.

2. The statute with reference to the employment of teachers by a township trustee does not differ in any essential respect from statutes relating to other contracts of township trustees, and the "Township Reform Act" (§§9590-9602 Burns 1908, Acts 1899 p. 150, Acts 1901 p. 415) applies to contracts made by the township trustee with his teachers, as well as to all other contracts made in behalf of the township. It is held however, in the case of *Rutherford School Tp.* v. *Craney, supra,* that the minimum wage which must be paid the teacher and the minimum school term are matters definitely fixed by statute, which can not be reduced by a contract with the trustee, and to this extent the legislature has made the contract for the parties.

But as to the excess of pay over these minimum requirements all such contracts must be held to fall within the provisions of the township reform act. By that act it is provided, "The trustee shall  *  *  *  present a detailed and item-ized statement in writing of his estimated expenditures for which appropriations are asked, specifying the number of teachers necessarily employed, their salaries respectively  *  *  *. The advisory board shall have full power  *  *  * to appropriate for any purpose a sum not greater than that estimated in the items therefor." §9593 Burns 1908, Acts 1899 p. 150, §4. "Upon a special call of the township trus-tee  *  -*  *  said board may  *  *  *  determine whether an emergency exists for the expenditure of any sums not included in the existing estimates and levy. In the event that such an emergency is found to exist, said board may authorize  *  *  *  the trustee to borrow a sum of money  *  *  *  sufficient to meet such emergency.  *  *  *  In no event shall a debt of the township be created except by the advisory board of such township, and in the manner herein specified, and any payment of any debt not so authorized from the public funds of such township shall be recoverable upon the bond of the trustee  *  *  *." §9595 Burns 1908, Acts 1901 p. 415. Since it is made to appear that the township trustee entered into the contract in suit without sufficient funds on hands at the time the contract was made and without making provision therefor in the manner provided by law, such contract was without the authority of the trustee to make, except as to that part thereof which the statute commands.

The township reform law was enacted to prevent
3.  unwise and unnecessary expenditure of the public
funds and the legislature in its wisdom has seen fit to provide for the election of advisory boards in the various townships of the State that are alone authorized by law to allow the contracting of debts against such townships and then only in the manner allowed by statute.

The answer not only shows the executing of the contract at a time when the trustee did not have sufficient funds on hand to meet it, and that sufficient funds were not 4. available from all sources provided by law from which school funds are derived to continue the school term beyond the period of 120 days and then only by paying the minimum wage to each teacher, and that the contract sued on was unauthorized and wholly without the power of the trustee to execute. It seems therefore that this paragraph of answer stated a good defense to plaintiff's complaint, wherein wages in excess of the statutory minimum wage were sought to be recovered, and the demurrer thereto should have been overruled.

Judgment reversed, with directions to overrule appellee's demurrer to appellant's answer and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 101 N. E. 1037. See, also, under (1) 38 Cyc. 627; (2) 35 Cyc. 1080; (3) 38 Cyc. 645; (4) 35 Cyc. 1103, 1106. As to the requirements that the duties of a public officer must be public duties and prescribed by law, see 63 Am. St. 188. For a discussion of the right of a school teacher to compensation as dependent on the validity of his contract of employment, see Ann. Cas. 1913 C. 372.