AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1924, IN
THE ONE HUNDRED NINTH AND ONE HUNDRED
TENTH YEARS OF THE STATE.

---

## HOBBS v. GIBSON SCHOOL TOWNSHIP.

[No. 23,874. Filed June 25, 1924.]

1. STATUTES. — *Constitutionality.* — *Title.* — *Subject-Matter.* — *Schools and School Districts.*—Section 2, Acts 1913 p. 105 §6600 Burns 1914, which attempts to classify teachers and fix their qualifications, *held* void under Art. 4, §19 Constitution as not embraced in the title, "An act to classify and regulate the minimum wages of teachers," which classification is accomplished under §1, as amended by Acts 1919 p. 736. p. 4.

2. STATUTES.—*Constitutionality.*—*Title.*—Under Art 4, §19 Constitution if the title of an act is so drawn that it embraces only one particular branch of a general subject, the body of the act must be confined to the particular subject expressed in the title, and to matters properly connected therewith. p. 4.

3. STATUTES. — *Constitutionality.* — *Title.* — *Subject-Matter.* — Matters within the general subject of an act, which might have been embraced by a title of general import, but are not included within the restricted title adopted *held* of no effect, whatever the body of the act may say as to such matters. p. 4.

4. CONSTITUTIONAL LAW. — *Appeal.* — *Review.*—*Briefs.*—*Questions Presented.*—Where the appellee in his brief says that one section of an act is unconstitutional in case another is, while contending that the other is constitutional, *held* it does not present a constitutional question. p. 6.

5. CONSTITUTIONAL LAW.—*Appeal.*—*Review.*—*Questions Presented.*—*Assumption.*—The court on appeal will assume that a statute is constitutional in the absence of a showing or a reasonable attempt to show that it is not. p. 7.

From Washington Circuit Court; *James L. Tucker,* Judge.

Action by John U. Hobbs against Gibson School Township of Washington county, Indiana. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Oscar K. Hobbs,* for appellant.
*Elliott & Houston,* for appellee.

EWBANK, J.—The only question presented by the record and briefs in this case is whether or not the second section of acts 1913, Acts 1913 p. 104, §6600 Burns 1914, is constitutional. The question arose on a demurrer to appellant's complaint, which was sustained by the trial court. The complaint alleged, in substance, that appellant entered into a written contract with the trustee of appellee school township, in the usual form, to teach a certain public school for the term beginning October 6, 1919, and that under said contract he taught the full term of 120 days; that the contract recited that his compensation was to be $3.56½ per day, and that he received pay at that rate; but that the contract also recited, and it was the fact, that he held a two year teacher's license in that county, and had a scholarship grade of ninety-two per cent. as given at his last examination, and a grade in success of ninety-four per cent., and had attended all sessions of the county institute in that county; that appellant had had a successful experience of five or more consecutive years of not less than six months each, next preceding the date of contracting; that his general average for scholarship and success was ninety-three per cent., and his attendance at institutes entitled him to an additional two per cent, so that he was entitled to a daily wage of $4.75, under the provisions of acts 1919, Acts 1919 p. 768. Wherefore he demanded the difference between the wages he

had received for 120 days at the rate of $3.56½ per day, and what they would have amounted to at $4.75 per day, being the sum of $142.80.

The memoranda filed with the demurrer to this complaint pointed out that it contained no allegations that appellant was a graduate of a high school or its equivalent, or a graduate from a school maintaining a professional course for the training of teachers or its equivalent, or that he had taught as a "Class C" teacher two or more years previous to making the contract relied on. And the only question discussed in the briefs of counsel is whether or not the complaint was insufficient for lack of such averments, or whether the section of the statute above referred to which assumes to fix the qualifications of teachers is unconstitutional and void.

The act of 1913 (Acts 1913 p. 104, *supra*) purports to amend section two of "An act to classify and regulate the minimum wages of teachers in public schools," approved March 2, 1907. The first section of that act, as originally passed and as amended from time to time afterward, down to 1919, enacted what should be the least wages per day paid to any teacher while teaching in the public schools. It prescribed one rate of compensation as the minimum rate for beginning teachers, another rate for teachers with a successful experience of one year, other rates for teachers with a successful experience of three years and of five years, respectively, and still another rate for teachers who were exempt from examination. This daily compensation of the teacher in each instance was to be ascertained by multiplying the general average of scholarship and success given to such teachers at the last examination, as increased by the addition of two per cent. for attendance at the county institute the full number of days, by a stated sum, which "for teachers having had a successful experience of five or more school years of not less

than six months each" should be five cents.    Acts 1919 p. 768.

The second section, originally and as amended, contained no reference to the wages of teachers, whether minimum, maximum or intermediate.    It related only to the qualifications of teachers and purported to enact that every teacher (except certain persons already teaching prior to August, 1908) should be a graduate of a high school or its equivalent, and should have attended a school maintaining a professional course for the training of teachers; and it enumerated teachers without experience, and teachers with successful experience for one, three and five years, respectively, as classes A, B, C and D; and under class "D" it recited that the qualifications required for teaching for that class should include "five or more years' successful experience," being a "graduate from a school maintaining a professional course for the training of teachers, or its equivalent," and having "taught as a class (C) teacher two or more years previous to entering this class," etc.    Acts 1913, p. 105, §2, supra.

Counsel for appellant assert that the provisions of this second section are not embraced by the title of the act.    In this we think they are correct.    The only subject expressed in the title is the classification and regulation of minimum wages.    This is accomplished by the first section.    But the second section has no reference to minimum wages.    On the contrary it attempts to classify teachers and fix their qualifications.

Every act of the legislature shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title, and anything in the act not expressed in the title is void.    Art. 4, §19 Constitution, §115 Burns 1914.

If the title of an act is drawn so that it embraces only one particular branch of a general subject, the body of the act must be confined to the particular subject expressed in the title, and to matters properly connected therewith. Other matters within a general subject which also might have been embraced by a title of general import, but which are not within the restricted title adopted, cannot be enacted with effect, whatever the body of the act may say as to such matters. *State, ex rel.,* v. *Commercial Ins. Co.* (1902), 158 Ind. 680, 684, 64 N. E. 466; *State, ex rel.,* v. *Board* (1906), 166 Ind. 162, 197, 76 N. E. 986.

It cannot be assumed that members of the legislature who voted to pass, "An act to classify and regulate the minimum wages of teachers" knew from the title that they were voting to enact that teachers must possess a number of qualifications they were not otherwise required to have, and that without those additional qualifications they should not be permitted to earn any wages at all.

Neither is the subject of excluding from teaching in the public schools a teacher with five years of successful experience, who had passed a successful examination in scholarship, unless he shall have graduated from certain schools, and shall have taught two years after doing so and after obtaining a certain kind of license, a matter properly connected with the subject of classifying and regulating minimum wages. *State* v. *Young* (1874), 47 Ind. 150; *State, ex rel.,* v. *Commercial Ins. Co., supra; State, ex rel.,* v. *Board, supra; Morgan* v. *State* (1913), 179 Ind. 300, 304, 101 N. E. 6.

If we apply the test of supposing that there were no other provisions in the act, it becomes obvious that the second section could not stand alone under the title of this act. *State* v. *Young, supra; Henderson, Aud.,* v.

*London, etc., Ins. Co.* (1893), 135 Ind. 23, 31, 34 N. E. 565, 20 L. R. A. 827, 41 Am. St. 410; *State, ex rel.,* v. *Commercial Ins. Co., supra.*

Other reasons for which counsel insist this section ought to be held unconstitutional are presented by appellant's brief, but since it is invalid for the reasons stated we need not consider and do not decide whether or not it is in conflict with any other provisions of the constitution. That appellant's complaint stated a cause of action under the first section of the act, as amended (Acts 1919 p. 768), has been decided repeatedly by the Appellate Court. *Rutherford School Tp.* v. *Craney* (1912), 51 Ind. App. 236; *Rutherford School Tp* v. *Arvin* (1913), 54 Ind. App. 695; *Mitcheltree School Tp.* v. *Baker* (1913), 53 Ind. App. 472, 101 N. E. 1037.

After presenting an argument and citing authorities, to the effect that the objections urged by appellant against the constitutionality of section two, other than the defect in the title of the act, should not be sustained, appellee's brief says that "If section 2 of Acts 1913, page 105, is unconstitutional, then for the same reasons and upon the same authorities section 1 of Acts 1919, page 768, is also unconstitutional."

This statement is followed by the citation of one of several cases that were cited and relied on by appellant in support of his contention that §2 above referred to is unconstitutional, and that he has a right to recover in this action. Such a conditional suggestion that one section of a statute is unconstitutional in case another is, while contending that the other is constitutional, does not present for decision the constitutional question thus hinted at. *Durham* v. *State, ex rel.* (1892), 133 Ind. 422, 31 N. E. 787; *In re Pittsburgh, etc., R. Co.* (1897), 147 Ind. 697, 47 N. E. 151.

Therefore we have not considered and do not decide

whether or not section one of the act of 1919 (Acts 1919 p. 768) is constitutional, but shall assume that it is in the absence of a showing or reasonable attempt to show that it is not. Neither have counsel for appellee pointed out or attempted to suggest wherein the construction given to section one of the Teachers Minimum Wage Law by the Appellate Court is erroneous. Under the authorities cited appellant's complaint stated a cause of action within the provisions of that section.

The judgment is reversed, with directions to overrule the demurrer to the complaint, and for further proceedings.