GUETLING *v.* STATE OF INDIANA.

[No. 24,746. Filed June 4, 1925. Rehearing denied October 29, 1925.]

1. INTOXICATING LIQUORS.—*Penal statute is not invalid for failing to fix place of imprisonment.*—Acts 1923, ch. 34, p. 108, making the transportation of liquor in an automobile a felony is not invalid because not prescribing a place of punishment for those convicted under its provisions, since the place of imprisonment is sufficiently prescribed by other statutes. p. 645.

2. STATUTES.—*Title of the statute making transportation of liquor a felony, held sufficient.*—An act entitled "An act concerning intoxicating liquor" which makes the transportation of liquor a felony, is not open to the objection of invalidity because of insufficient title, for such title expresses the subject of the act. p. 645.

3. INTOXICATING LIQUORS.—*Certain provisions in statute making, transportation a felony, treated as surplusage.*—An affidavit charging the transportation of liquor in an automobile under Acts 1923, ch. 34, p. 108, is sufficient though it does not negative ownership of the automobile, or charge that it was used without the owner's consent, or that it was mortgaged, or that it contained firearms, since these provisions add nothing to the statute and may be treated as surplusage. p. 645.

4. INTOXICATING LIQUORS.—*Evidence considered and held sufficient to prove transportation.*—Upon a charge of transportation of liquor in an automobile, evidence is sufficient to sustain the conviction which shows that accused drove his automobile at high speed in a city street, colliding with a parked car; that a jug was seen sitting in the car in front of the front seat, before he started the car to escape from a deputy sheriff, and

after the collision; that the jug contained whisky; and that accused also threw away a bottle of whisky after the collision. p. 646.

5. CRIMINAL LAW.—*No question is presented for review of a ruling on a motion to suppress evidence, if evidence heard thereon is not in the bill of exceptions.*—A motion to suppress certain evidence was made, in a prosecution for transporting liquor, and a hearing was had upon the motion upon a denial of the facts stated therein; the record recites only that evidence was offered and heard and that the court overruled the motion to suppress; there being nothing in the bill of exceptions purporting to contain the evidence at such hearing nor the grounds on which the ruling was made, no question is presented for review upon the overruling of such motion. p. 648.

6. CRIMINAL LAW.—*Supreme Court Rule 22 prohibits the presentation of new errors in brief on petition for rehearing.*—A brief on a petition for rehearing may not challenge rulings of the trial court not presented in the original brief to the Supreme Court, since this is specifically prohibited by Supreme Court Rule 22. p. 649.

From the Vanderburgh Circuit Court; *William C. Welborn*, Special Judge.

Albert Guetling was convicted of transporting intoxicating liquor, and he appeals. *Affirmed.*

*A. E. Gore*, for appellant.

*U. S. Lesh*, Attorney-General, and *Mrs. Edward Franklin White*, Deputy Attorney-General, for the State.

EWBANK, J.—An affidavit charged that appellant did "unlawfully and feloniously transport certain intoxicating liquors in a certain vehicle, to wit: an automobile," etc. The case was tried by a jury and a verdict finding him guilty was returned, and judgment was entered accordingly. Overruling appellant's motions to quash the affidavit and for a new trial, respectively, are assigned as errors.

The sufficiency of the affidavit is challenged for the alleged reasons that: (1) Chapter 34, Acts 1923 p. 108, is invalid by reason of (a) not prescribing a place

of imprisonment for those convicted of violating its provisions, and (b) not having a sufficient title, and (c) being ambiguous and uncertain; and that (2) the affidavit does not charge that appellant did not own the automobile used in transporting the liquor, or that he used it without the owner's consent, or that it was mortgaged, or that any guns or firearms were in it or were carried by the persons riding therein.

The place of imprisonment was sufficiently prescribed by other statutes with which this one must be construed. *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747; *Frey* v. *State* (1925), *ante* 359, 147 N. E. 279.

1.

The title of the act is "An act concerning intoxicating liquor" and the objection to it suggested by appellant is that it is not sufficiently specific. This is not available as an objection to a title which expresses the subject of the act. *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Hobbs* v. *Gibson School Tp.* (1924), 195 Ind. 1, 144 N. E. 526; *White* v. *State* (1924), 195 Ind. 63, 144 N. E. 531; *Gafill* v. *Bracken, Aud.* (1924), 195 Ind. 551, 145 N. E. 312.

2.

The fact that after having made it unlawful to transport intoxicating liquor "in any wagon, buggy, automobile, water or aircraft or other vehicle," the statute proceeds to enumerate specific conditions under which such transportation shall be unlawful, as when the vehicle is not owned by the party so using it, or is mortgaged, or when firearms are carried in the car, does not make the statute ambiguous or uncertain. The specific provisions do not nullify or detract from the general terms prohibiting all transportation by means of any vehicle, etc. "These latter provisions add nothing to the statute and make no change in the degree of the crime nor measure of pun-

3.

ishment. They may be treated as surplusage, for the crime first defined must be charged and proved to make one guilty under any of the latter provisions." *Volderauer* v. *State, supra.* The motion to quash the affidavit was properly overruled.

There was evidence that appellant drove his automobile at high speed down a city street in Evansville and around a corner, and ran it against a car that 4. was parked by the side of the street, hitting it so hard as to damage it and wreck his own car to the extent that it could not be driven farther; that "he came out of the car fighting" with a deputy sheriff, at whom he struck, and then ran away back between the houses, and as he ran he took a bottle of "white mule whisky" from his pocket and threw it down in the yard; that the deputy sheriff saw him throw it down and a boy of the neighborhood picked it up; that in the car he left a jug of "white mule whisky," which was sitting on the floor of the car at the right side, just in front of the front seat, where it could be plainly seen by any person in the street near the car, and where it had been sitting all the time that appellant was so driving along the street; that the automobile was a small open car, and the deputy sheriff saw the jug of whisky in it before appellant started on his mad drive that ended in the collision; and after the collision and after appellant and the other occupant of his automobile had run away another deputy sheriff took the jug of whisky out. There was also evidence to the effect that several deputy sheriffs had gone to that part of the city with a search warrant to search the premises of one Ashworth; that appellant was talking to Ashworth when they approached, and on seeing them had run to his automobile, climbed in and tried to start it; that one of the deputy sheriffs had followed him, and

told him to wait a minute, and after having seen the jug of whisky caught hold of the side of the car, but appellant started it forward; that the deputy sheriff clung to the car; that appellant got his foot up and kicked the deputy sheriff, and "tried to kick him off the side of the car"; and the deputy was dislodged from the car by the force of the collision with the parked car. Different witnesses testified with reference to "this bottle of whisky" and "this jug of whisky," and it would appear that both were before the jury during the trial, without objection by anybody at that time, and they were introduced in evidence without objection. And witnesses testified that both the jug and the bottle contained white-mule whisky, and that the jug was seen in his car by persons standing in the street and was taken from it after appellant had run away, and that the bottle was picked up in the yard a few minutes after appellant was seen to throw it there while running from the car. One of the witnesses who said that when he came up to the car he saw the jug of whisky in it stated on cross-examination that "it was in that sack just like it sets there now," and had "nothing else over it." And a girl in front of whose home the collision occurred testified that immediately after the collision she "saw the jug in the car," and that "it was in a paper sack like that one there." The officer who testified that he took the jug out of appellant's car immediately after it had struck the parked car and after appellant had run away said that it was "sitting in front of the front seat in the front part of the car," no further questions being asked him about how he knew it was there, or what, if any, "searching" was done to find it. And the testimony that appellant took the bottle of whisky from his pocket as he ran between the houses in leaving his automobile, and threw it down in

the yard, after having run a very short distance, was wholly undisputed.    The verdict is sustained by sufficient evidence.

No objection was made to the introduction in evidence of the jug of whisky taken from the car, or of any testimony concerning it and the circumstances under which it was seen in the car and was taken from it. But before the trial commenced appellant filed a verified motion alleging that without right the deputy sheriffs had entered and searched his automobile when they had no search warrant authorizing them to do so, and had seized a jug of intoxicating liquor found therein, which they threatened and intended to use as evidence against him; and he asked that the jug of liquor be returned to him and that the testimony of the deputy sheriffs as to what they learned by such search and seizure be suppressed.    But the record recites that a denial of the facts stated in the motion having been filed there was a hearing on the motion several days before the trial commenced, when the defendant (as the record recites) "now offers and introduces in evidence his verified motion * * * and the State of Indiana offers in evidence the testimony of Jesse Jones, deputy sheriff * * * and the court being advised and having heard said evidence now overrules the defendant's motion to suppress," etc.    But there is no bill of exceptions purporting to contain the evidence given at said hearing, and we are not advised in any manner of the grounds on which the ruling was made.    No question is presented with relation to overruling said motion to suppress.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

EWBANK, J.—Appellant's original brief stated five propositions which it undertook to support by the state-

ment of subpoints and the citation of authorities.  Two of these propositions related to the alleged insufficiency of the affidavit, one to the alleged insufficiency of the evidence, and another asserted that the verdict was contrary to law.  The remaining proposition was that the court erred in overruling defendant's motion to suppress certain evidence.  As to these matters, after a careful review of the case, we are satisfied with the opinion heretofore filed.  But the petition for a rehearing not only challenges our ruling on those points.  It also specifies eleven rulings of the trial court which

6.  were not mentioned in said propositions and citations.  The rules of court require appellant's original brief to contain "separately numbered points, stated concisely * * * together with the authorities relied on in support of them," and provide that: "No alleged error or point, not contained in this statement of points, shall be raised afterward, either by reply brief, or in oral or printed argument, or on petition for rehearing."  Rule 22, Supreme Court; *Postal* v. *Postal* (1922), 192 Ind. 376, 383, 136 N. E. 570; *W. A. Flint Co.* v. *John V. Farwell Co.* (1922), 192 Ind. 439, 450, 136 N. E. 839.

The petition for a rehearing is overruled.