## ASHLEY ET AL. *v.* KELLEY ET AL.

[No. 12,212. Filed November 5, 1925. Rehearing denied February 5, 1926. Transfer denied March 19, 1926.]

1. FENCES.—*Partition-fence law applicable to uninclosed land and it is immaterial that fence does not complete inclosure of such land.*—The present partition-fence law (Acts 1911 p. 515, §6, §7924 Burns 1926) is applicable to uninclosed land, and the fact that adjoining land is not enclosed is no defense to an assessment for building a partition fence along one side of it, and it is immaterial that the fence constructed does not complete an enclosure of such land. p. 304.

2. APPEAL.—*Constitutionality of statute involved cannot be presented by petition for rehearing.*—After a case has been decided on the merits, the constitutionality of the statute involved cannot be presented on a petition for a rehearing. p. 304.

From Spencer Circuit Court; *Fred A. Heuring,* Judge.

Suit by Matthew Ashley and another against Fila Kelley and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.* By the court in banc.

*James W. Davis,* for appellants.
*Leonard Ashley,* for appellees.

NICHOLS, J.—Action by appellants to enjoin appellees from the collection of an assessment against appellants' real estate for building a fence by appellees on the line between the lands of appellants and appellee Kelley. Appellees' demurrer to the amended complaint was sustained by the court, and this action of the court is assigned by appellants as error. It appears by the amended complaint that appellees, the owner of the adjoining land, trustee, auditor, and successive treasurers, have respectively taken the required steps to build the partition fence, and to create the assessment lien under the statute, but appellants contend, and have averred in their complaint, that their land has always been in the common, unenclosed, that the fence constructed does not complete an enclosure of appellants' land, that the same will not be of any use, value or service to them, and that it will be of service only to appellee Kelley. Such averments are not sufficient to make the amended complaint good against appellees' demurrer. Section 6 of the partition fence law, Acts 1911 pp. 515, 518, §7924 Burns 1926, expressly provides that, "This act shall be liberally construed in favor of the objects and purposes for which it is enacted and shall apply to all lands whether enclosed or unenclosed, cultivated or uncultivated, wild or wood lot."

Judgment affirmed.

## ON PETITION FOR REHEARING.

NICHOLS, C. J.—On rehearing, appellant earnestly contends that a statute of a state providing for one landowner to compel his adjoining neighbor to contribute to the building of a fence on the line between their lands for the exclusive benefit of another would be unconstitutional. That appellant has

thereby presented no constitutional question, see, *In re Petition of Pittsburgh, etc., R. Co.* (1897), 147 Ind. 697, 47 N. E. 151; *Durham* v. *State, ex rel.* (1892), 133 Ind. 422, 31 N. E. 787; *Hobbs* v. *Gibson School Tp.* (1924), 195 Ind. 1, 144 N. E. 527; Ewbank's Manual, (2d ed.) §62a.

Petition for rehearing denied.